**Frederick G. CURREY et al., Appellants,**

v.

**Louis T. KIMPLE et al., Appellees.**

No. 8599.

Court of Civil Appeals of Texas, Texarkana.

Dec. 28, 1978.

Rehearing Denied Feb. 27, 1979.

Morris I. Jaffe, Hubert A. Crouch III, Wynne & Jaffe, Dallas, for appellants.

Joseph H. Staley, Jr., Thomas W. Hughes, Locke, Purnell, Boren, Laney & Neely, Dallas, for the Kimples.

Lee Holt, City Atty., Robert J. Young, Asst. City Atty., Dallas, for City of Dallas & Board of Adjustment.

RAY, Justice.

This is a suit seeking relief from two variances granted by the Board of Adjustment of the City of Dallas (Board). The variances were granted so that Mr. and Mrs. Louis T. Kimple (Kimple), appellees (defendants), could build a tennis court on their residential lot. The order of the Board was appealed to the district court as provided by Article 1011g, Tex.Rev.Civ. Stat.Ann. (Supp.1978). Mr. and Mrs. Frederick G. Currey, Dr. and Mrs. Heinz F. Eichenwald, and Mr. and Mrs. Edgar C. Hughes, appellants (plaintiffs), instituted suit against Mr. and Mrs. Louis T. Kimple, the City of Dallas (City), and the Board of Adjustment of the City of Dallas, appellees (defendants), seeking prohibitory and mandatory injunctive relief and the setting aside of the order of the Board granting the variances. Trial was to the court without a

jury and judgment was entered that appellants take nothing. Appellants have perfected their appeal and submit two points of error for our consideration.

In their first point of error, appellants contend that the trial court erred in sustaining the order of the Board because the Kimples had not shown that they had suffered any unnecessary hardship by a literal enforcement of the governing zoning ordinance and that if the Kimples had suffered a hardship, it was a hardship which they had created and further that the existing zoning ordinance permits a reasonable use of the Kimples' property, thus negating any grounds for granting a variance. Also, appellants contend that the Kimple property does not differ from other tracts of land in the surrounding area such that its development could not be the same as the other tracts.

Appellants' second point of error contends that the order of the Board permits a use of Kimples' property not authorized by the zoning ordinance and that the Board has usurped the authority of the City in granting the variance.

The Kimples own a pie-shaped lot located in an area zoned "resident-1 acre." The majority of the lots in the zoning district are quadri-sided.

The Kimples purchased their lot in 1974 and employed an architect to plan alterations and additions on the land. The architect's plans showed how a tennis court would fit into the improvements, but the architect advised the Kimples that it would be necessary to get a variance from the Board of Adjustment before the tennis court could be constructed in view of the existing zoning ordinance. The architect prepared a site plan showing location of the improvements, including the tennis court. The Kimples sought the variances and were granted same by the Board of Adjustment in 1974. The granted variances consisted of ten feet from the front yard and nineteen feet six inches from the side yard as same related to the tennis court. In 1974, the existing garage was converted into a playroom and a carport fifty-two feet by twenty-eight and nine-tenths feet was built and a cabana was constructed. The tennis court was omitted and the 1974 building permit expired.

In 1977 the Kimples again appealed to the Board of Adjustment for a variance for the purpose of erecting a tennis court. The variance granted on this occasion was twenty-four feet from the front yard and twenty feet from the side yard.

The Kimples had been occupying their property as their home for a period of two and one-half years prior to the time of trial.

Appellants have sought no relief from the Board for the building inspector's having issued the building permit on July 29, 1977, allowing tennis court use upon the property. On August 9, 1977, the trial court denied appellants' request for a temporary injunction and dissolved the temporary restraining order. Trial on the merits was had on August 18, 1977, and the trial court entered a take nothing judgment against appellants. Thereafter, construction of the tennis court was begun.

■ No findings of fact or conclusions of law have been filed in this case. Under these circumstances, all questions of fact are presumed found in support of the judgment of the trial court and the trial court's judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence.

■ In the present case, an appeal from the Board of Adjustment to the district court requires the application of the substantial evidence rule as the standard for review. Our review of the trial court's judgment concerning the action of the Board of Adjustment, is to determine whether or not the trial court abused its discretion. That same standard is to be applied in reviewing the action of the trial court relative to denying the temporary injunction. The trial court and this Court are not at liberty to substitute our opinions for that of the Board. As was stated in *Zoning Board of Adjustment v. Marshall*, 387 S.W.2d 714 (Tex.Civ.App. San Antonio 1965, writ ref'd n.r.e.), the following principles govern this appeal:

"(1) A legal presumption exists in favor of the Board's order, and the burden of proof to establish its illegality rests upon Marshall;

"(2) The Court, when considering the legality of the Board's order must not put itself in the position of the Board and substitute its findings for that of the Board, even though the Court concludes that the overwhelming preponderance of the evidence is against the Board's decision;

"(3) The question on appeal from the Board's order is whether or not there is any substantial evidence affording reasonable support for the findings and order entered by the Board, such being a question of law and not of fact. If the evidence before the Court, as a whole, is such that reasonable minds could have reached the conclusion that the Board must have reached in order to justify its action, the Board's action must be sustained. *City of San Angelo v. Boehme Bakery*, 144 Tex. 281, 190 S.W.2d 67 (1945); . . ."

■ The Board of Adjustment is a quasi-judicial body and the district court sits only as a court of review by writ of certiorari pursuant to Article 1011g(k), Tex. Rev.Civ.Stat.Ann. (Supp.1978). The complaining party has the burden of proof to show that the decision of the Board is illegal and in order to establish illegality of an order, the complaining party must present a very clear showing of abuse of discretion. If the trial court finds there is substantial evidence to support the Board's determination, the legality of the Board's order is established. The substantial evidence rule is fulfilled if the evidence before the court, as a whole, is such that reasonable minds could have reached the conclusion that the Board must have reached in order to justify its action. *Jacobson v. Preston Forest Shopping Center, Inc.*, 359 S.W.2d 156, 159 (Tex.Civ.App. Dallas 1962, writ ref'd n.r.e.); *Zoning Board of Adjustment v. Marshall*, supra.

■ The burden was upon appellants in the trial court to show that the Board of Adjustment's order was illegal because there was no evidence or a lack of substantial evidence supporting the findings and order entered by the Board and that the Board acted arbitrarily because reasonable minds could not have reached the conclusion that the Board reached in order to justify its action. The trial court must determine as a matter of law that the Board acted arbitrarily and without justification. The test on appeal to this Court is whether the trial court acted arbitrarily in reaching its decision and thus abused its discretion.

Article 1011g(a), Tex.Rev.Civ.Stat.Ann. (Supp.1978), empowers local city councils to create Boards of Adjustment for their communities. The City of Dallas has exercised this power and created the Board of Adjustment of the City of Dallas by Division 29–100 of the City Zoning Ordinance. Article 1011g(g), Tex.Rev.Civ.Stat.Ann. (Supp. 1978), defines the powers of the Board which authorizes the Board to grant variances. Division 29–700(j) of the City Zoning Ordinance empowers the Board to grant variances.

■ The evidence before the Board and before the trial court shows that the Kimples sought relief by the variance procedure from the literal application of the front yard and side yard set-back requirements of the city zoning ordinance due to the pie-shaped configuration of their lot. The Board found that the set-back requirements, when applied to the lot configuration, constituted an unnecessary hardship to the Kimple property and thus granted the small variances from rigid enforcement of the front yard and side yard set-back requirements. The Board had made an on-site investigation and was well aware of the problem involved. Unnecessary hardship must be determined with regard to the facts and circumstances of the particular case. It is the duty of the Board to determine whether literal application of the zoning ordinance to the particular piece of property would be unreasonable in light of the general statutory purpose to secure reasonable zoning. The reasonableness test is viewed in light of the practical difficulty of

applying the zoning ordinance to the property in question. The issue before the trial court was not whether there was an unnecessary hardship, but whether the trial court, after examination of all the evidence, could conclude as a matter of law that the Board failed to have substantial evidence before it upon which it could have concluded that the rigid enforcement of the zoning ordinance would work an unnecessary hardship upon the Kimple property. The trial court had before it evidence that the tennis court could not be constructed in 1977 in compliance with the front yard and side yard set-back requirements of the City without encroaching upon structures on the property which were present at the time Kimple acquired the property in 1974. Further, the fact that the lot was rather triangular in shape would make it difficult on which to arrange various recreational facilities in conjunction with the pre-existing structures. The Board could see that the development of the Kimple property would require variances different from the surrounding rectangular or near rectangular lots.

▮ The fact that appellees wanted to build a tennis court on their irregularly shaped property would not constitute a self-created or personal hardship. The configuration of the lot created the hardship. The evidence does not reveal that the Kimples wanted the variance for personal reasons not connected with the configuration of the lot and neither does the evidence reveal that the hardship was self-created. An example of a personal or self-created hardship might be a situation in which the owner of a square lot divides it into two triangles and then tries to secure a variance in order to sell the property at a high price. In such an instance, the hardship would be self-created and if the owner could not sell the triangular pieces of property without the variance, then the hardship would be personal.

▮ Appellants' argument that since the existing zoning ordinance permits a reasonable use of the Kimples' property as a residence, then the grounds for granting a variance are thus negated, is not persuasive. The Kimples are entitled to use their property to the fullest as it relates to a family dwelling and place for family recreation, limited only by the provisions of valid statutes and ordinances. In this case, Article 1011g(g) specifically authorizes the variance procedure utilized by the Board and the City Council has authorized the Board under Division 29–700(j) to grant unnecessary hardship variances from set-back requirements due to a parcel's irregular shape.

Appellants' further argument that the Kimple property does not differ from other parcels of land in the same zoning district does not comport with the evidence. Most tracts in the zoning district are rectangular while the Kimple tract is pie-shaped.

▮ It is the conclusion of this Court that the trial court did not abuse its discretion in sustaining the order of the Board of Adjustment. Appellants did not show a clear abuse of discretion by the Board and we are convinced that substantial evidence was before the Board and the trial court which would support the legality of the order entered by the Board. Appellants' first point of error is overruled.

▮ Appellants' second point of error asserting that the Board permitted a use of Kimples' property not authorized by the Zoning Ordinance such that the Board had usurped the zoning authority of the city council is without merit. That issue was not before the Board on July 26, 1977. The building inspector issued the building permit for the tennis court on the Kimple property on July 29, 1977, and the building inspector's decision has gone unchallenged. The city zoning ordinance grants an appeal from the building inspector's decision to the Board by aggrieved parties. Since appellants have not challenged the issuance of the building permit by the building inspector, they have not exhausted their administrative remedy and redress to the courts is thus not available to them at this time. *City of Dallas v. Gaechter*, 524 S.W.2d 400, 404–405 (Tex.Civ.App. Dallas 1975, writ dism'd).

In addition to appellants' inability to raise the issue that tennis courts are not a permitted use in the Kimples' zoning district, for failure to exhaust their administrative remedy, we have concluded that appellants' argument is not persuasive. This Court decided in *Hardy v. Calhoun*, 383 S.W.2d 652 (Tex.Civ.App. Texarkana 1964, no writ), that a tennis court is an accessory use customarily incident to a single family dwelling which is permitted so long as it does not involve public or business activities. We construe Section 10–202 and Section 33–175 of the Dallas City Zoning Ordinance to permit private tennis courts as an accessory use in a single-family residential district. We further hold that private tennis courts are a recreational use within the primary use of property as a residential dwelling. *Thomas v. Zoning Board of Adjustment of City of University Park*, 241 S.W.2d 955 (Tex.Civ.App. Eastland 1951, no writ).

Appellants' second point of error is overruled.

The judgment of the trial court is affirmed.