**LAS PALMAS PLAZA, INC., Appellant,**

v.

**CITY OF PORT ISABEL, Appellee.**

No. 13–83–500–CV.

Court of Appeals of Texas,
Corpus Christi.

Feb. 16, 1984.

Tom Fleming, Wiech & Black, Brownsville, for appellant.

William T. Deane, Harlingen, for appellee.

Before NYE, C.J., and UTTER and YOUNG, JJ.

OPINION

UTTER, Justice.

This is an appeal from the denial of a temporary injunction. Appellee, the City of Port Isabel, Texas, has filed a motion to dismiss the appeal for reasons that the appeal has become moot. Appellant has filed a response urging the denial of appellee's motion.

Appellant's original petition sought, among other things, that the trial court restrain appellee from constructing or attempting to construct an eight-foot wall in derogation of an alleged agreement to grant appellant an easement which would enable appellant to load and unload large trucks at the back of its shopping center business. Appellant specifically prayed for a temporary injunction to issue "enjoining the construction of such wall." In its brief in support of the application for temporary injunction, appellant asked that the temporary injunction be issued in accordance with appellant's original petition.

Appellee, in his motion to dismiss the appeal, states that the wall, the subject matter of the temporary injunction, has now been constructed. Appellee's motion is supported by an affidavit by the Mayor of the City of Port Isabel which affirms that the wall/fence was completed on September 27, 1983. Appellant has responded by urging that even though the wall has now been constructed, it is the interference with appellant's use of its alleged easement that they are seeking to enjoin and not necessarily the construction of the particular wall in question. Appellant's argument is not supported by the clear language in their original petition which specifically sought to enjoin appellee from "constructing such wall."

A cause becomes moot when the appellate court's judgment cannot have any practical legal effect upon a then existing controversy. *Stephenson v. State*, 515 S.W.2d 362 (Tex.Civ.App.—Dallas 1974, writ dism'd). In the case before us, the subject matter which the temporary injunc-

tion sought to prohibit from being constructed has now been completed. Thus, the appeal from the denial of the temporary injunction is moot. *See Zuniga v. U.S. Investors, Inc.*, 453 S.W.2d 811 (Tex. 1970).

The appeal is dismissed. This order of dismissal is entered without prejudice to such further actions as the parties and District Court may wish to take with reference to the case on the merits.