**BOARD OF ADJUSTMENT, CITY OF CORPUS CHRISTI, Appellant,**

v.

**William McBRIDE, Appellee.**

**No. 13–83–470–CV.**

Court of Appeals of Texas, Corpus Christi.

Sept. 6, 1984.

Jay Doegey, Asst. City Atty., Corpus Christi, for appellant.

C. Edwin Prichard, Jr., Prichard, Peeler, Cartwright & Hall, Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and GONZALEZ, JJ.

## OPINION

KENNEDY, Justice.

This is a zoning case. Appellee was building a home in violation of the setback requirement of the City's zoning ordinance. The work was stopped pursuant to an injunction. The Board of Adjustment granted some variances and denied others. The decision of the Board was appealed to the district court by writ of certiorari. Trial was to the court, and findings of fact and conclusions of law were filed. The order of the trial court affirmed the decision of the Board in part, modified the decision in part and dissolved the temporary injunction. The Board appealed this order. We affirm.

By its first point of error, appellant complains that the trial court erred in concluding that the decision of the Board was illegal and that there was an abuse of discretion in the Board's decision to partially maintain the existing building setback lines.

Appeal from a decision of the Board of Adjustment is governed by TEX.REV.CIV. STAT.ANN. art. 1011g (Vernon Supp.1984). This statute authorizes the taking of testimony and permits the trial court to affirm, wholly or partly, or to modify the decision of the Board. TEX.REV.CIV.STAT.ANN. art. 1011g(m) (Vernon Supp.1984).

■ The only question which may be raised by the petition is the legality of the Board's order. *City of San Angelo v. Boehme Bakery*, 144 Tex. 281, 190 S.W.2d 67 (1945); TEX.REV.CIV.STAT.ANN. art. 1011g(j) (Vernon Supp.1984). *See Nu-Way Emulsions, Inc. v. City of Dalworthington Gardens*, 617 S.W.2d 188 (Tex.1981). In passing on the legality of the order of the Board, the trial court shall consider the original papers before the Board, as well as evidence introduced before the trial court and from a consideration of the whole, determine whether or not the Board abused its discretion. *Boehme*, 190 S.W.2d at 70; TEX.REV.CIV.STAT.ANN. art. 1011g(1,m) (Vernon Supp.1984). The trial court is not to substitute its discretion for that of the Board. *Boehme*, 190 S.W.2d at 70. Whether or not the Board abused its discretion is a matter of law. *Boehme*, 190 S.W.2d at 70.

■ Appellant's point of error is directed at the trial court's conclusions of law without directly attacking the findings of fact. Therefore, so long as there is some evidence to support the findings of the trial court, they are binding on this Court. *Katz v. Rodriguez*, 563 S.W.2d 627 (Tex. Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.).

The trial court found, among other things, that appellee was the owner of the property; that a 25-foot setback line was required, but that other similar lots had 10-foot setbacks; that appellee had conferred with city employees and "prepared a site plan he honestly thought met the city's requirements"; that site plans submitted to the city showed a 15-foot setback; that a building permit was issued; that, when the house was under construction, it was in-

spected by city inspectors; that, when appellee had spent $75,000 and the house was 75–80% complete, appellee was informed that he must stop work; that the house did in fact encroach over the 25-foot setback line, but was built in substantial compliance with the original site plan; that "[a]fter due notice and a hearing the Zoning Board of Adjustment found that owing to the special circumstances and conditions a literal enforcement of the provisions of the ordinance would result in an unnecessary hardship on McBride and that a variance to the setback lines would not be contrary to the public interest"; but that the Board, although it allowed some variances, required the Northwest corner of the house to be removed; that it is not uncommon for variances to setback lines to be granted; that to remove the Northwest corner of appellee's house would adversely affect the structural integrity of the house and would cost at least $4,200, would render the house unsightly, and would serve no useful function, and would not serve any of the stated purposes of the Corpus Christi Zoning Ordinance.

The trial court then concluded, among other things, that the Board "abused its discretion in that portion of its decision which maintained the 25 foot building setback line in the northwest corner of Lot 19 beginning at the North line of said lot and running parallel to Sanders Drive a distance of 27 feet, thus requiring McBride to remove the northwest portion of the house's wall, roof and foundation, ..."

The difference between the decision of the Board and the order of the trial court is illustrated by this sketch which is based on PX–3:

The difference between the decision of the Board and that of the court is that the Board would require at least the partial removal of the covered patio, and the trial court's order would permit it to remain as built. As shown on the photographs below, PX–23 and PX–25, the wall to be removed is an integral part of the structure, and the

roof over the patio is an integral part of the roof of the house. To make the modification required by the decision of the Board would require extensive structural and cosmetic changes.

■ The Board of Adjustment is authorized to vary zoning regulations when hardship exists and where the variance would not be contrary to the public interest. TEX.REV.CIV.STAT.ANN. art. 1011g(g)(3) (Vernon Supp.1984); Corpus Christi Zoning Ordinance § 29–5.01 (1982). The unchallenged findings of fact state that there is hardship on the part of appellee and that the variance would not adversely affect the public interest. The trial court found it to be an abuse of discretion on the part of the Board to fail to grant the variance. We agree. *See City of Corpus Christi v. Allen,* 152 Tex. 137, 254 S.W.2d 759 (1953) (non-conforming use may continue when the removal will not promote public health, morals, safety or welfare); *Southland Life Insurance Co. v. Egan,* 126 Tex. 160, 86 S.W.2d 722 (1935); *Benton v. Wilmer-Hutchins Ind. Sch. Dist.,* 662 S.W.2d 696 (Tex.App.—Dallas 1983, writ dism'd) (failure to apply the law to undisputed facts is abuse of discretion).

Appellant's first point of error is overruled.

Appellant's second and third points of error complain that the trial court erred in dissolving the temporary injunction against appellee.

■ On January 20, 1984, appellee filed a motion to dismiss this appeal in part, stating that the work which had been enjoined was now completed and that the points of error were now moot. This motion was supported by appellee's affidavit. A cause becomes moot when the appellate court's judgment cannot have any practical legal effect upon a then-existing controversy. *Las Palmas Plaza, Inc. v. City of Port Isabel,* 665 S.W.2d 855 (Tex.App.—Corpus Christi 1984, no writ); *Stephenson v. State,* 515 S.W.2d 362 (Tex.Civ.App.—Dallas 1974, writ dism'd). Since the work is completed, a reinstatement of the injunction will have no practical effect, and the complaint is moot.

Appellant's second and third points of error are overruled.

The judgment of the trial court is AFFIRMED.