BOARD OF ADJUSTMENT OF the CITY OF CORPUS CHRISTI, Appellant,

v.

Severiano FLORES, Sr., President and d/b/a Portairs Furniture and Appliance, Inc., Appellee.

No. 13–92–248–CV.

Court of Appeals of Texas, Corpus Christi.

July 29, 1993.

Rehearing Overruled Aug. 31, 1993.

Carol Estes Bray, Asst. City Atty., Legal Dept., Corpus Christi, for appellant.

Paul Dodson, Bryan Powers, David Herrman, White, Huseman, Pletcher & Powers, Corpus Christi, for appellee.

Before FEDERICO G. HINOJOSA, Jr., KENNEDY and DORSEY, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

The Board of Adjustment of the City of Corpus Christi denied appellee's request for a zoning variance. Pursuant to TEX. LOCAL GOV'T CODE ANN. § 211.011 (Vernon 1988), appellee sought a writ of certiorari in the district court, and the district court granted the writ. By ten points of error, the Board of Adjustment appeals, mostly challenging the district court's findings of fact and conclusions of law. We reverse the judgment of the district court and reinstate the order of the Board of Adjustment.

The zoning ordinance of the City of Corpus Christi requires a parking space for every 400 square feet of gross floor space, including warehouses and storerooms, for buildings located in an I-2 (light industrial) zone. Severiano Flores has owned Portairs Furniture Store, located at 4243 South Port Street in Corpus Christi, for over eighteen years. Portairs Furniture Store has not been required to comply with the City's parking space zoning requirement because the business was already in existence when the City enacted the zoning ordinance. Portairs Furniture Store has only 10 parking places for 13,029.5 square feet of floor space, instead of the required 33 parking places.

In 1991, Mr. Flores borrowed $100,000 to build 4,761.9 square feet of additional warehouse space at the Portairs Furniture Store. To be in compliance with the City's zoning ordinance, the improved facility needed 44 parking places, but Flores proposed having only 13 parking spaces. Thus, Flores re-

quested a zoning variance from the Board of Adjustment.

The Board conducted a hearing and heard evidence from Flores that 1) Portairs Furniture Store desired to expand its warehouse space but not its showroom space, 2) no more than 3 or 4 customers were in the store at any given time, 3) Portairs Furniture Store had 20 to 25 employees, 4) Flores had obtained an agreement from a neighboring bank allowing Flores's 25 employees to park on its lot across the street from the store, 5) Flores had an agreement with two adjoining businesses to allow his customers to park on their lots, and 6) Flores would suffer substantial hardship if the Board denied his request for a zoning variance.

The parking agreements that Flores claimed he had with the bank and adjoining businesses were not evidenced by written contracts, and the businesses Flores claimed had agreed to allow his customers to park on their lots were more than 300 feet from the store. Under the zoning ordinance, written contractual parking arrangements are allowed in lieu of on-site parking if within 300 feet.

The City challenged 3 of Flores's 13 proposed parking spaces because one of the spaces contained a utility pole and the other two parallelled the right-of-way. The City presented photographs to the Board showing 11 vehicles parked on the store premises, including Portairs Furniture Store delivery trucks. The photographs also depicted vehicles parked in an empty lot next door and on the sidewalks. The City pointed out to the Board that the photographs showed the difficulty of the parking scheme currently existing at the store. The Board denied Flores's request for a zoning variance by a four-to-one vote.

Flores filed suit in district court and requested a writ of certiorari. The district court conducted a hearing, allowed the parties to describe the evidence submitted to the Board, and heard additional oral testimony. The district court granted Flores a writ of certiorari and made the following findings of fact and conclusions of law:

Following the receipt of evidence, the trial court makes the following findings of fact:

1. Plaintiffs are the owners of the property the subject of this action.

2. Plaintiffs operate a family-owned furniture business on the property the subject of this action.

3. Plaintiffs have applied for a variance from the minimum parking requirements. Plaintiffs' employees park with a bank across the street by permission of the bank. Plaintiffs sought a variance in connection with the addition of warehouse space, and the addition would not increase the need for parking for the business. Plaintiff's business does not bring more than four customers per day into the store. The parking which Plaintiffs can provide is adequate for the purposes of Plaintiff and fulfills the purposes of the City's zoning ordinances.

4. It is not uncommon for variances to be granted from the minimum parking requirements. Plaintiffs have provided adequate parking within four hundred feet of their business, and this parking area is closer to the business than the parking provided at shopping malls in the community.

5. Not to grant Plaintiffs' request for a variance would cause unreasonable hardship to Plaintiffs and would serve no useful function, and would not serve any of the stated purposes of the Corpus Christi Zoning Ordinance.

6. Plaintiffs' business began operating prior to the institution of parking regulation by Defendant. Plaintiffs cannot expand their available parking by purchase of adjoining property. Plaintiffs have received a Small Business Administration loan to expand their warehouse. Defendant refused to consider the financial hardship of refusing to grant a parking variance. Refusal to grant a variance would cause Plaintiffs both a physical and a financial hardship. The failure to grant the variance would not promote public health, morals, safety or welfare.

7. The testimony, exhibits, and other evidence offered on behalf of Plaintiffs

before this Court and before the Board of Adjustment was clear, compelling, and believable.

Based on the evidence and the foregoing findings of fact, the trial court makes the following conclusions of law:

1. The decision of the Defendant to deny Plaintiffs' requested variance was illegal.

2. The failure of the Defendant to grant Plaintiffs' requested variance constituted an abuse of discretion. The failure to grant the variance would not promote health, morals, safety or welfare.

3. Failure to grant Plaintiffs' requested variance would cause an "unreasonable hardship" under the zoning ordinances.

4. The 13 parking spaces provided by Plaintiffs shall be permitted as an exception or partial waiver to the parking requirements of the ordinances.

By its first point of error, appellant complains that the trial court erred by determining that a hardship existed and that the Board of Adjustment abused its discretion. By its second point of error, appellant complains that the trial court erred by rendering judgment for appellee since the Board did not abuse its discretion by finding that refusing to grant an exception would not cause a hardship to plaintiff, would serve a useful function, or would serve the purposes of the zoning ordinance. By its ninth point of error, appellant complains that the trial court erred by rendering its conclusions of law since the Board's decision was not illegal or an abuse of discretion. We will discuss these related points together.

 The Board of Adjustment is a quasi-judicial body and the district court sits only as a court of review by writ of certiorari. TEX. LOCAL GOV'T CODE ANN. § 211.011 (Vernon 1988); *see Currey v. Kimple*, 577 S.W.2d 508, 512 (Tex.Civ.App.—Texarkana 1978, writ ref'd n.r.e.) (construing prior statute). The only question which may be raised by a petition for writ of certiorari is the legality of the Board's order. TEX. LOCAL GOV'T CODE ANN. § 211.011(a) (Vernon 1988); *see City of San Angelo v. Boehme Bakery*, 144 Tex. 281, 190 S.W.2d 67, 69 (Tex.1945) (construing prior statute); *see also Board of Adjustment,*

*City of Corpus Christi v. McBride*, 676 S.W.2d 705, 706 (Tex.App.—Corpus Christi 1984, no writ). A legal presumption exists in favor of the Board's order, and the party attacking the order has the burden of proof to establish its illegality. *Currey*, 577 S.W.2d at 512. In order to establish that an order of a Board of Adjustment is illegal, the party attacking the order must present a very clear showing that the Board abused its discretion. *Boehme Bakery*, 190 S.W.2d at 69. The district court, when considering the legality of an order of a Board of Adjustment, must not put itself in the position of the Board and substitute its findings for that of the Board, even though the court concludes that the overwhelming preponderance of the evidence is against the Board's decision. *Currey*, 577 S.W.2d at 512. Review of a decision by a Board of Adjustment is not by trial de novo where facts are established; the district court must only answer a question of law, i.e., whether the Board of Adjustment abused its discretion. *City of Lubbock v. Bounds*, 623 S.W.2d 752, 755 (Tex.App.—Amarillo 1981, no writ) (construing prior statute). The district court shall consider the original papers before the Board, as well as evidence introduced before the court, and shall determine whether or not the Board abused its discretion. *Boehme Bakery*, 190 S.W.2d at 69; *McBride*, 676 S.W.2d at 706. Whether or not the Board abused its discretion is a matter of law, and the district court is not to substitute its discretion for that of the Board. *Boehme Bakery*, 190 S.W.2d at 70; *McBride*, 676 S.W.2d at 706.

Courts of appeals have previously reviewed decisions of boards of adjustment under a substantial evidence test, that is, whether or not there exists substantial evidence from which reasonable minds could have reached the conclusion that the board must have reached to justify its action. In 1981, the supreme court expressly disapproved of the substantial evidence test in reviewing decisions of a board of adjustment. *Nu–Way Emulsions, Inc. v. City of Dalworthington Gardens*, 617 S.W.2d 188, 189 (Tex.1981) (per curiam). The supreme court has not retreated from this position.

Courts of appeals consistently cite *Nu–Way* for the proposition that the substantial evidence test is not used for any review of a decision of a board of adjustment. However, it seems that they all then apply the substantial evidence test. Some courts ignore *Nu–Way* completely (or simply misstate its holding) and openly apply the substantial evidence test. *See, e.g., Board of Adjustment of the City of Dallas v. Winkles*, 832 S.W.2d 803, 805 (Tex.App.—Dallas 1992, writ denied); *Murmur Corp. v. Board of Adjustment, City of Dallas*, 718 S.W.2d 790, 799 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). Some courts correctly state the standard of review as abuse of discretion, but then ignore *Nu–Way* and apply the substantial evidence test. *See, e.g., Heritage Society of Washington County v. Neumann*, 771 S.W.2d 563, 565–66 (Tex.App.—Houston [14th Dist.] 1989, writ denied). Finally, some courts cite *Nu–Way* for the proposition that the substantial evidence test is not used, but then immediately state that they are applying a substantial evidence test. *See, e.g., Texans to Save the Capitol v. Board of Adjustment, City of Austin*, 647 S.W.2d 773, 777–78 (Tex.App.—Austin 1983, writ ref'd n.r.e.).

 Before attempting to articulate the correct standard of review, we can at least articulate the standard we *do not* apply, and we articulate it with a fair degree of confidence. We do not review the decision of a board of adjustment to determine whether or not there exists substantial evidence from which reasonable minds could have reached the conclusion that the board must have reached to justify its action. *Nu–Way Emulsions, Inc.*, 617 S.W.2d at 189; *see also Winkles*, 832 S.W.2d at 805; *Texans to Save the Capitol*, 647 S.W.2d at 777–78; *Swain v. Board of Adjustment, City of University Park*, 433 S.W.2d 727, 730 (Tex.Civ.App.—Dallas 1968, writ ref'd n.r.e), *cert. denied*, 396 U.S. 277, 90 S.Ct. 563, 24 L.Ed.2d 465 (1970).

We assume that an abuse of discretion analysis requires us to examine whether the questions presented pertain to factual, legal, or mixed analyses. Since a trial court abuses its discretion when it acts without reference to any guiding rules and principles or acts arbitrarily and unreasonably, we assume that a board of adjustment abuses its discretion when it acts without reference to any guiding rules and principles or acts arbitrarily and unreasonably. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). Since a trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, we assume that a board of adjustment clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (original proceeding). With respect to factual matters, since a reviewing court may not substitute its decision for that of a trial court, we assume that a district court may not substitute its decision for that of a board of adjustment. *Id.*

 Under *Boehme Bakery*, we review the Board of Adjustment's decision to determine whether it clearly abused its discretion. *Boehme Bakery*, 190 S.W.2d at 70. Ergo, we assume that the decision of the Board of Adjustment is reversible only if the facts are such that the Board, as fact finder, could have only reached one decision. *Walker*, 827 S.W.2d at 840.

The City of Corpus Christi grants the Board of Adjustment the following pertinent authority:

*Special Use Exceptions.* In order to provide for adjustment in the relative locations of uses and buildings of the same or different classifications, to interpretation, application, and adjustment, and to supply the necessary elasticity to its efficient operation, special use exceptions are permitted by the terms of this Ordinance. The following buildings and uses are permitted as special exceptions if the Board of Adjustment finds, that in its opinion, as a matter of fact, such exceptions will not substantially affect adversely the uses of adjacent and neighboring property permitted by this Ordinance.

\* \* \* \* \* \*

29–3.*08* To waive or reduce the parking and loading requirements in any district whenever the character or use of the build-

ing is such as to make unnecessary the full provision of parking or loading facilities, or where such regulations would impose an unreasonable hardship upon the use of the lot.

This Court, faced with a similar procedural history in *McBride,* held that a Board of Adjustment abuses its discretion when it fails to grant an exception when the *undisputed facts* show that a hardship would exist and that the exception would not adversely affect other interests. *McBride,* 676 S.W.2d at 709. In *McBride,* the Board of Adjustment did not challenge the findings of fact filed by the trial court. The unchallenged findings constituted undisputed facts and were binding on this Court. *Id.* at 706.

In the instant case, however, the facts are disputed. The Board challenges each of the trial court's findings and a legal presumption exists in favor of the Board's order. Conflicting evidence was presented to the Board and the Board, as fact finder, found against appellee. The Board is a quasi-judicial body and the district court sits only as a court of review by writ of certiorari. The district court cannot hold that the Board acted illegally or abused its discretion just because it does not agree with the Board's decision.

We have reviewed the entire record and find that the record contains some evidence to justify the Board's order. We hold that the district court erred by substituting its discretion for that of the Board.

We sustain appellant's first, second, and ninth points of error. Due to our disposition on those points, it is unnecessary to discuss appellant's other points of error. *See* TEX. R.APP.P. 90(a).

We REVERSE the judgment of the district court and REINSTATE the order of the Board of Adjustment.