**WEST TEXAS WATER REFINERS, INC., d/b/a The Water Works, et al., Appellants,**

v.

**S & B BEVERAGE COMPANY, INC., d/b/a Furr's # 974, et al., Appellees.**

No. 08–94–00388–CV.

Court of Appeals of Texas, El Paso.

Jan. 31, 1996.

---

Randall W. Reynolds, Pecos, for appellants.

John Stickels, District Attorney, Monahans, Scott Johnson, Pecos, for appellees.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

### OPINION

McCLURE, Justice.

This appeal involves the power of the Board of Adjustment of Pecos City[1] ("Board") to grant a special exception for the sale of beer and wine for off-premises consumption in the first of three types of commercial districts. Specifically, Appellant West Texas Water Refiners ("WTWR") argues that the special exception is void and therefore subject to collateral attack in the district court. We reverse and render in part and reverse and remand in part.

### SUMMARY OF THE EVIDENCE

The facts were stipulated at trial and are not in issue. The zoning ordinance of the Town of Pecos City creates various commercial districts. A C–1 district expressly permits the operation of a "retail store." However, it contains a parenthetical exception that provides for "no secondhand goods, beer or liquor." A C–2 district permits the operation of beer and liquor retail stores, beer parlors, and secondhand goods stores.

S & B, a company handling Texas alcoholic beverage permits for Furr's Supermarkets, applied to the Board for a special exception to sell beer and wine for off-premises consumption at one of their stores in Pecos. This store is located in a C–1 district. The Board granted the special exception and S & B applied for a wine and beer retailer's permit. Appellee Convenience Beverage, Inc. ("Convenience Beverage") then applied to the Board for a special exception to sell beer and wine at an Alsup's store which is also located in a C–1 district. The Board tabled its decision on the latter application pending the resolution of this suit filed by WTWR.

WTWR filed an untimely petition for writ of certiorari in the district court which was dismissed on the grounds that jurisdiction was not properly invoked. WTWR then instituted this suit seeking injunctions against

---

1. West Texas is home to both the Town of Pecos City and Pecos County. The Town of Pecos City is located within Reeves County, not Pecos County, while the county seat of Pecos County is Fort Stockton. For clarification, all references herein to "Pecos" refer to the Town of Pecos City.

both S & B and Convenience Beverage to prohibit the sale of beer and wine; seeking a declaratory judgment that the Board's action in granting the special exception was null and void; and seeking a declaratory judgment that the zoning ordinance expressly prohibits the sale of beer and wine in a C–1 district. Simply stated, WTWR challenged the Board's power to issue the particular special exception and asserted that if the Board lacked the power or authority to grant the exception, its action was subject to collateral attack in the district court.

The trial court entered judgment declaring that the special exception was not void and that the court accordingly lacked jurisdiction to set aside or modify the special exception granted. It further declined to declare that the Board lacked the authority to grant special exceptions to permit the sale of beer and wine for off-premises consumption in a C–1 district or to declare that S & B, Furr's and/or Alsup's could not use the premises for the sale of beer and wine.

### *SUBJECT MATTER JURISDICTION*

■ In Point of Error No. One, WTWR urges that the trial court erred in determining that the special exception was not void. In Point of Error No. Two, it complains of the trial court's dismissal of its cause of action for want of jurisdiction. We first address the jurisdictional inquiry because if the Board properly exercised its jurisdiction, a collateral attack is impermissible.

■ The legislature has expressly provided a means for challenging an action taken by a city's zoning board of adjustment. *See* TEX.LOC.GOV'T CODE ANN. § 211.010 (Vernon 1988). This statute provides that a person aggrieved by a zoning board's action may, within ten days after the board's decision is filed, petition a court of record for a writ of certiorari. The only issue for determination in a writ of certiorari proceeding is the legality of the board's order. *See e.g. Board of Adjustment of the City of Corpus Christi v. Flores*, 860 S.W.2d 622, 625–26 (Tex.App.—Corpus Christi 1993, writ denied). The board's order carries the presumption of legality, and a party attacking it bears the burden of establishing its illegality.

The appropriate standard of review is whether the board of adjustment has abused its discretion, i.e., whether it has acted without reference to guiding rules and principles or whether it has acted arbitrarily and unreasonably. *Id.* at 626, citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). The decision of a board of adjustment is reversible only if the facts are such that the board could have reached but one decision. *Flores*, 860 S.W.2d at 626, citing *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992).

■ Because this suit was not brought pursuant to these statutory provisions, it constitutes a collateral attack. A city's board of adjustment derives its power both from the statute and the city ordinance establishing it and defining its local function and powers. *See* TEX.LOC.GOV'T CODE ANN. § 211.008–.009; *cf. Board of Adjustment v. Stovall*, 218 S.W.2d 286, 288 (Tex.Civ.App.—Fort Worth 1949, no writ). A board of adjustment must act within the strictures set by the legislature and the city council and may not stray outside its specifically granted authority. Any action exceeding this authority is null and void and subject to collateral attack. *See City of Lufkin v. McVicker*, 510 S.W.2d 141, 144 (Tex.Civ.App.—Beaumont 1973, writ ref'd n.r.e.); *Board of Adjustment of City of San Antonio v. Levinson*, 244 S.W.2d 281, 282–84 (Tex.Civ.App.—San Antonio 1951, no writ); *City of Dallas v. Halbert*, 246 S.W.2d 686, 691 (Tex.Civ.App.—Dallas 1952, writ ref'd n.r.e.) (stating that if a zoning board has jurisdiction, its decision is not subject to collateral attack); *cf. City of El Paso v. Madero Development*, 803 S.W.2d 396, 399–400 (Tex.App.—El Paso 1991, writ denied), *cert. denied*, 502 U.S. 1073, 112 S.Ct. 970, 117 L.Ed.2d 135 (1992) (discussing generally the concept of subject-matter jurisdiction). In other words, a distinction exists between whether a board of adjustment has power to act and whether it has exercised that power illegally. In the second case, the only means to challenge a zoning board's action is through the statutory writ of certiorari proceeding. *See Halbert*, 246 S.W.2d at 691. In the first instance, however, a district court may make a determination notwithstanding

this statutory procedure. *See McVicker,* 510 S.W.2d at 144. Therefore, the trial court below had jurisdiction to determine whether the Board's action was void.

### SPECIFIC POWERS OF THE PECOS BOARD OF ADJUSTMENT

■ The power to grant special exceptions is derived from the statute and is given specific content by a city zoning ordinance. *See* TEX.LOC.GOV'T CODE ANN. § 211.009(a)(2). A special exception differs from a variance and this distinction has been well explained by Professor Angus S. McSwain:

The Courts in some cases have defined 'special exceptions' as uses permitted expressly by the ordinance, under conditions there specified, while 'variances' are defined as suspensions of a literal enforcement of the ordinance. Thus the difference is said to be that a 'variance' is a permission to use land in a manner forbidden by the ordinance, while the 'special exception' allows the landowner to use his land in a manner specifically provided in the ordinance. Apparently, then, any specified type of use which is to be allowed under certain conditions by the Board of Adjustment is a 'special exception' as distinguished from a 'variance.'

Even though an exception is specified in the ordinance, sufficient standards must be set up by the ordinance for the Board's guidance in allowing the exception. Otherwise the power to allow the exception in the Board's uncontrolled discretion will be a void delegation of legislative power by the city-legislative body.

McSwain, *The Zoning Board of Adjustment,* 13 BAYLOR L.REV. 21, 29 (1961).

■ In other words, the possible exceptions must be explicitly spelled out in the ordinance itself, and a board of adjustment may not grant exceptions not otherwise expressly provided for in the ordinance. *See Driskell v. Board of Adjustment,* 195 S.W.2d 594, 599 (Tex.Civ.App.—Fort Worth 1946, writ ref'd n.r.e.); *Harrington v. Board of Adjustment of City of Alamo Heights,* 124 S.W.2d 401, 404–05 (Tex.Civ.App.—Amarillo 1939, writ ref'd).

The zoning ordinance in question permits the Board to issue special exceptions when it finds that the exception will not be detrimental to other property in the district or the public health, safety, morals, and the general welfare of the general public and that it will be in harmony with the general intent and purpose of the zoning ordinance. The ordinance then lists seven explicit situations in which a special exception may be granted. These situations for the most part address the restrictions on structures in the various districts. Only two deal with the usage of property. The first allows the Board to grant a special exception allowing the extension of a nonconforming use into different areas of a pre-existing building. The second allows the Board to grant an exception for a use conditionally allowed by the provisions of the ordinance. Because the usage in question does not involve a nonconforming use, it must have been deemed a conditional usage under the ordinance for the disputed special exception to be valid.

■ It is apparent that the Pecos ordinance addresses three types of possible usages relevant to this proceeding—permitted uses, prohibited uses, and conditional uses. If the use is prohibited, either explicitly or impliedly, any special exception allowing it is void and subject to collateral attack. *McVicker,* 510 S.W.2d at 144; *Swain v. Board of Adjustment of the City of University Park,* 433 S.W.2d 727, 732 (Tex.Civ.App.—Dallas 1968, writ ref'd n.r.e.), *cert. denied,* 396 U.S. 277, 90 S.Ct. 563, 24 L.Ed.2d 465 (1970); *Board of Adjustment of City of Fort Worth v. Rich,* 328 S.W.2d 798 (Tex.Civ.App.—Fort Worth 1959, writ ref'd). If the use is permitted, no special exception is needed. *See e.g., Levinson,* 244 S.W.2d at 282 (opining that if a use is permitted, any "action by the Board of Adjustment becomes immaterial, for the right exists without benefit of an exception....”). Therefore, the question narrows to whether the sale of beer and wine in a C–1 district is a conditional use expressly provided for under the ordinance. Otherwise, the special exception is void.

■ The ordinance provides that the operation of a "[r]etail store (no secondhand goods, beer or liquor)" is a permitted use in a

C–1 district. The main contention involves the interpretation of the parenthetical. Significantly, the parties have stipulated that this provision is not ambiguous. If a statute is clear and unambiguous, extrinsic aids and rules of statutory construction are unnecessary. *Ex parte Roloff,* 510 S.W.2d 913, 915 (Tex.1974); *Berel v. HCA Health Services of Texas, Inc.,* 881 S.W.2d 21, 25 (Tex.App.—Houston [1st Dist.] 1994, writ denied). Interpretation of a zoning ordinance is a question of law singularly appropriate to the independent evaluation of this Court. *See Board of Adjustment v. Underwood,* 332 S.W.2d 583, 585 (Tex.Civ.App.—San Antonio 1960, writ ref'd n.r.e.) (stating that courts are not bound by an "administrative construction of the law"). The parenthetical at issue uses language of prohibition, not condition. It is in some way limiting the permitted use as a retail store and it is at this point that the parties offer different constructions. WTWR argues that the parenthetical unambiguously modifies the *type of goods* which may be sold at a particular retail store. In short, it argues that the store may not sell beer, alcohol, or secondhand goods. S & B suggests that the parenthetical modifies the *type of store* which may be operated; i.e., there may be no "second hand goods store," no "beer store," and no "liquor store" in a C–1 district, but a grocery store located in a C–1 district may sell beer and wine. If the ordinance is unambiguous as stipulated and if the sale of beer and wine is either permitted or prohibited as the parties allege, it follows that the ordinance does not purport to allow the conditional use of beer and wine sales to be determined at the discretion of the Board. Therefore, any special exception allowing such a use under the conditional use provision of the ordinance is void, just as if the use were explicitly prohibited by the ordinance. The Board lacks the power to issue special exceptions for conditional usages where none exist in the ordinance, nor can it invent them on a case-by-case basis, even if such were the intention of the ordinance. This conclusion would involve the city council in an unlawful delegation of its legislative authority. *See Swain,* 433 S.W.2d at 731. Because we must presume that the Board issued the special exception in conformity with its authority, we conclude that the Board attempted to issue a special exception allowing the conditional use of beer and wine sales in a C–1 district. *Cf. Abrams v. Sebastian,* 570 S.W.2d 81, 86 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r.e.) (holding that the procedural requirements of El Paso's zoning ordinance must be strictly followed). Such a special exception is void. Points of Error Nos. One and Two are sustained.

By necessity, our analysis must end here. We decline to rule on the ultimate interpretation of the parenthetical at issue because the question of whether beer and wine sales in a C–1 district are prohibited is not before us. Although the original petition filed by WTWR sought a declaratory judgment on the issue of whether the sale of beer and wine in a C–1 district is prohibited by the city ordinance, the trial court below never had the opportunity to consider the request inasmuch as it dismissed the case for want of jurisdiction.

## CONCLUSION

The trial court erred in determining that the special exception was not void and in dismissing WTWR's petition for want of jurisdiction. We reverse and render judgment that the special exception granted S & B by the Board is void. We remand the cause to the trial court for further consideration of WTWR's request for declaratory judgment that the retail sale, in a C–1 district, of beer and wine for off-premises consumption constitutes a prohibited use under the zoning ordinance.