In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00137-CV
______________________________


RICHARD L. ALLEN, Appellant
 
V.
 
CITY OF MESQUITE, TEXAS, AND 
CITY OF MESQUITE BOARD OF ADJUSTMENT, Appellees


                                              

On Appeal from the 68th Judicial District Court
Dallas County, Texas
Trial Court No. 02-05985-C


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            The barn Richard L. Allen wants to build on his agriculturally zoned property in Mesquite,
Texas, (the City) would enclose 6,400 square feet


—5,400 square feet larger than that allowed by
city ordinance and more than triple the largest special exception allowed in the City in the last ten
years. Allen's proposal was rejected by the City's building inspector, and his request for a special
exception to the ordinance was then rejected by the City's Board of Adjustment (the Board). Allen
appealed the Board's decision to the district court, which granted the City's motion for summary
judgment. We affirm the summary judgment.
            In his two points of error, Allen contends (1) material fact issues exist that preclude summary
judgment in favor of the City, and (2) the evidence before the trial court showed the Board's decision
was arbitrary, capricious, and an abuse of discretion. Because the two issues are interrelated, we will
address them together.
            Mesquite City Ordinance 2-602(A) provides that, on property with agricultural zoning,
"accessory structures," such as the barn in question, shall be no larger than 1,000 square feet. Allen
wants to build a storage building encompassing 6,400 square feet for his tractors, hoes, rakes, and
other equipment. He told the Board he would also, from time to time, use the barn to store
equipment for his commercial plumbing business, which Allen operates from his home.
            A board of adjustment is a quasi-judicial body. Bd. of Adjustment of City of Corpus Christi
v. Flores, 860 S.W.2d 622, 625 (Tex. App.—Corpus Christi 1993, writ denied). A district court may
review a board's decision only on writ of certiorari. Tex. Loc. Gov't Code Ann. § 211.011 (Vernon
Supp. 2004). In Flores, the Thirteenth Court of Appeals explained the purpose and scope of a
district court's review of a board of adjustment's decision:
The only question which may be raised by a petition for writ of certiorari is the
legality of the Board's order. Tex. Local Gov't Code Ann. § 211.011(a) (Vernon
1988); see City of San Angelo v. Boehme Bakery, 190 S.W.2d 67, 69 (Tex. 1945)
(construing prior statute); see also Board of Adjustment, City of Corpus Christi v.
McBride, 676 S.W.2d 705, 706 (Tex. App. —Corpus Christi 1984, no writ). A legal
presumption exists in favor of the Board's order, and the party attacking the order has
the burden of proof to establish its illegality. Currey v. Kimpell, 577 S.W.2d 508,
512 (Tex. Civ. App.—Texarkana 1978, writ ref'd n.r.e.). In order to establish that an
order of a Board of Adjustment is illegal, the party attacking the order must present
a very clear showing that the Board abused its discretion. Boehme Bakery, 190
S.W.2d at 69. The district court, when considering the legality of an order of a Board
of Adjustment, must not put itself in the position of the Board and substitute its
findings for that of the Board, even though the court concludes that the
overwhelming preponderance of the evidence is against the Board's decision. 
Currey, 577 S.W.2d at 512. Review of a decision by a Board of Adjustment is not
by trial de novo where facts are established; the district court must only answer a
question of law, i.e., whether the Board of Adjustment abused its discretion. City of
Lubbock v. Bownds, 623 S.W.2d 752, 755 (Tex. App.—Amarillo 1981, no writ)
(construing prior statute). The district court shall consider the original papers before
the Board, as well as evidence introduced before the court, and shall determine
whether or not the Board abused its discretion. Boehme Bakery, 190 S.W.2d at 69;
McBride, 676 S.W.2d at 706. Whether or not the Board abused its discretion is a
matter of law, and the district court is not to substitute its discretion for that of the
Board. Boehme Bakery, 190 S.W.2d at 70; McBride, 676 S.W.2d at 706.

Flores, 860 S.W.2d at 625. 
            Allen appeals from a summary judgment. A summary judgment movant has the burden of
demonstrating that there is no genuine issue of material fact and that the movant is entitled to
judgment as a matter of law. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). 
There is no fact issue concerning whether the Board abused its discretion on Allen's request for a
special exception if the Board's decision was based on conflicting evidence, that is, if the Board's
decision is supported by at least some substantive and probative evidence. Southwest Paper Stock,
Inc. v. Zoning Bd. of Adjustment, 980 S.W.2d 802, 805–06 (Tex. App.—Fort Worth 1998, pet.
denied). "In other words, if there is some evidence of substantive and probative character supporting
the Board's decision, the trial court did not abuse its discretion by granting the Board's motion for
summary judgment." Pick-N-Pull Auto Dismantlers v. Zoning Bd. of Adjustment of City of Fort
Worth, 45 S.W.3d 337, 340 (Tex. App.—Fort Worth 2001, pet. denied). The Board's decision
denying Allen's requested special exception is based on substantive and probative evidence.
            First, there was evidence in this case that the proposed structure of 6,400 square feet was
more than 5,000 square feet larger than a structure permissible under the City's zoning ordinances. 
The Board also had before it evidence that, in the past decade, only four special exceptions had been
granted by the Board, and the largest exception so granted was for a structure that was 2,100 square
feet. Thus, Allen's requested special exception would have been for a structure three times the size
of the largest exception permitted during the previous decade.
            Second, there was evidence Allen intended to use the barn for commercial purposes, although
the property was zoned for agricultural and residential use. If the City granted Allen a permit to
build a barn for commercial purposes, such action would be inconsistent with the zoning ordinances
because the effect would have been to permit a substantial commercial use of property that had been
designated for residential use. 
            Third, there was evidence from Allen's neighbor that the barn would devalue the neighbor's
property. John Bass owned two large lots of land (both in excess of fifty acres each) adjoining
Allen's property. Bass told the Board he was planning to develop the land for residential use
(presumably some type of housing development). Bass, adopting his testimony from the hearing on
the first request for a special exception, told the Board that Allen's planned barn would not be good
for Bass' planned development of his own, adjoining property. The City's zoning laws permit the
Board to grant special exceptions to the accessory buildings limitations only "where it [the Board]
determines that the exception will allow greater use and enjoyment of property without creating
adverse impacts on adjacent properties and that it will be compatible with the neighborhood." 
Mesquite, Texas, Ordinance 2-604 (Apr. 3, 1989). 
            From the evidence available before both the Board and the trial court, we must conclude there
is at least some evidence of substantive and probative character supporting the Board's denial of
Allen's request for a special exception. The trial court therefore did not err by granting the City's
motion for summary judgment. We overrule Allen's points of error and affirm the trial court's
judgment.


                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          March 29, 2004
Date Decided:             March 30, 2004