CITY OF SPRING VALLEY et
al., Appellants,

v.

Darryl HURST et al., Appellees.

No. 1154.

Court of Civil Appeals of Texas,
(14th Dist.).

Oct. 22, 1975.

Rehearing Granted in Part and Denied in
Part Nov. 19, 1975 with opinion.

C. B. Stephenson, Schlanger, Cook, Cohn & Mills, Beyrt H. David, David & Wanzong, Houston, for appellants.

J. Leonard Gotsdiner, Ranseler, O. Wyatt, Houston, for appellees.

CURTISS BROWN, Justice.

This is a zoning case.

The City of Spring Valley and the Board of Adjustment of Spring Valley (City or appellants) appeal from a judgment of the 11th Judicial District Court of Harris County, Texas, reversing an order of the Board of Adjustment.

Darryl Hurst and others (Hurst or appellees) applied to the building inspector of the City of Spring Valley for a building permit to construct a "metallic steel" building with a concrete floor containing approximately 6800 square feet. At least since 1948 appellees have been operating a motorcycle, bicycle, and lawnmower sale and repair facility on this location. The business extends to the sale and repair of other small motors and appliances. Appellees' tract fronts 175 feet on Bingle Road and extends west from Bingle Road a distance of some 420 feet. Appellee has buildings erected on the tract at the present time which form a rough "L". The steel building, if permitted, would essentially fill in the empty portion of the "L" so as to form a rough rectangle.

Appellees' use of these premises for the purpose for which they are being used predates the incorporation of the City of Spring Valley and, of course, the zoning ordinances in question. The business represents a non-conforming use of the property, being located in an area zoned for single family residences. A seven foot board fence surrounds the entire property except for the frontage on Bingle Road. The steel building on a concrete foundation would not be visible from beyond the fence. On each side of this property are residences owned by appellees and used as rent houses. To the south of the property is a large tin barn which the City of Spring Valley uses for storage of equipment.

The building inspector denied the permit to construct the steel building on the concrete foundation. Acting under the authority of Tex.Rev.Civ.Stat.Ann. art. 1011g (Supp.1974) Hurst appealed the denial to the Board of Adjustment. After a public hearing the Board denied the application. Appellees filed for a writ of certiorari which was granted by the district court. Following a non-jury trial the court concluded that the order of the Board was not supported by substantial evidence. Judgment was entered reversing the decision of the Board of Adjustment and ordering appellants to issue a building permit to appellees, conditioned upon appellees' compliance with certain court-imposed construction requirements.

Appellants have assigned appropriate points on this appeal asserting that: there was substantial evidence to support the Board's decision; the trial court substituted its judgment for that of the Board; there was no evidence to overcome the presumption of the validity of the decision; the court erred in imposing construction requirements; the judgment went beyond appropriate scope and extended a non-conforming use.

■ In reviewing a decision of a board of adjustment to determine if there was an abuse of discretion the substantial evidence rule is to be applied. *Board of Adj. v. Whitlock,* 442 S.W.2d 437 (Tex.Civ.App.—Corpus Christi 1969, writ ref'd n. r. e.); *Davis v. Zoning Bd. of Adjustment,* 362 S.W.2d 894 (Tex.Civ.App.—Amarillo 1962, writ ref'd n. r. e.). Substantial evidence de novo review was finalized in general by our supreme court in *Trapp v. Shell Oil Co.,* 145 Tex. 323, 198 S.W.2d 424, 441 (1946), wherein the Court stated:

> In such a case the issue is not whether or not the agency came to the proper fact conclusion on the basis of conflicting evidence, but whether or not it acted arbitrarily and without regard to the facts. Hence it is generally recognized that where the order of the agency under attack involves the exercise of the sound judgment and discretion of the agency in a matter committed to it by the Legislature, the court will sustain the order if the action of the agency in reaching such conclusion is reasonably supported by substantial evidence. *This does not mean that a mere scintilla of evidence will suffice, nor does it mean that the court is bound to select the testimony of one side, with absolute blindness to that introduced by the other.* After all, the court is to render justice in the case. The record is to be considered as a whole, and it is for the court to determine what constitutes substantial evidence. *The court is not to substitute its discretion for that committed to the agency by the Legislature, but is to sustain the agency if it is reasonably supported by substantial evidence before the court. If the evidence as a whole is such that reasonable minds could not have reached the conclusion that the agency must have reached in order to justify its action, then the order must be set aside.*

■■ The presumption of validity is in favor of the order of the Board. The court may not substitute its discretion for that of the Board. *City of San Angelo v. Boehme Bakery,* 144 Tex. 281, 190 S.W.2d 67 (1945). Spring Valley's Zoning Ordinance provides in subsection c of Section 8 that "[a] Non-Conforming Use shall not be extended. . . . ."

■ Keeping in mind the provision of the ordinance above set forth and the heavy burden upon appellees to sustain their attack against the presumed valid order of the Board, we must now review the record as a whole to determine whether there is substantial evidence to support the order. There is no evidence that the non-conforming use will be "extended." On the contrary, it affirmatively appears that the business will continue just as it has in the past. The steel building will be used to reduce the noise level of some of the activities already being carried out and to store materials that are presently left in boxes outside the premises. No new or added activities will be carried out and there is no showing that the volume of business will be increased.

■ The Deputy Fire Chief of the City testified that it would be difficult to fight any fire on the premises in question because of the necessity of running hoses a distance of some 2,300 feet. However, this difficulty exists regardless of the building in question. The steel building would not make the fire problem greater or less. He ended up testifying that the present conditions constitute a greater fire hazard than would exist if the materials now left outside were stored in a steel building. A police captain of the City testified that a traffic difficulty presently exists in the vicinity because of two factors: (a) Bingle widens from a normal two-way street into a four-lane street about 175 feet south of the Hurst property; (b) Hurst's customers have some difficulty backing out onto Bingle. He further testified that the traffic conditions would neither be helped nor hurt by the existence of the building in question. In summary, the representatives of the fire and police departments testified as to the existence of

**602**

some problems but that these problems would exist whether the building was built or not.

We agree with the trial court that the action of the Board was not reasonably supported by substantial evidence. This conclusion compels us to overrule appellants' points one, two, three and six. *See Davis v. Zoning Bd. of Adjustment*, 362 S.W.2d 894 (Tex.Civ.App.—Amarillo 1962, writ ref'd n. r. e.).

■■ In points four and five the City complains of the action of the trial court in requiring appellees to comply with some six conditions. These conditions concern the requirement of an automatic sprinkler system, lights to be no more than seven feet high, etc. These requirements were within the power of the trial court since Article 1011g expressly provides that the trial court may "modify" the order of the Board. Since these requirements are favorable to the appellants, the City is in no position to complain. The judgment of the trial court is affirmed.

Affirmed.

### ON MOTION FOR REHEARING

■ In their Motion for Rehearing, appellants urge that we erred in assessing costs against them. Tex.Rev.Civ.Stat.Ann. art. 1011g(n) (Supp.1974) provides that: "Costs shall not be allowed against the Board unless it shall appear to the court that it acted with gross negligence, or in bad faith or with malice in making the decision appealed from." The judgment of this court recited that the costs of this appeal should be paid by the City of Spring Valley and the Board of Adjustment of the City of Spring Valley. Since it does not appear that the Board acted with gross negligence, or in bad faith or with malice in making its decision, it was improper to allow costs against the Board. Therefore, the judgment of this court shall be reformed to assess all costs of appeal against the City of Spring Valley.

Otherwise, Appellants' Motion for Rehearing is overruled.