**Marvin REITER, Appellant,**

v.

**CITY OF KEENE, Appellee.**

No. 5922.

Court of Civil Appeals of Texas, Waco.

Sept. 7, 1978.

Rehearing Denied Sept. 28, 1978.

Marvin Reiter, pro se.

David B. Anderson, Anderson & Anderson, Cleburne, for appellee.

HALL, Justice.

Summary judgment was rendered in this case granting a mandatory injunction sought by appellee-plaintiff City of Keene to prevent an asserted violation of City's zoning laws by appellant-defendant Marvin Reiter, and decreeing that Reiter take nothing on his counterclaim for loss of business income allegedly caused by City. Reiter appeals. We reverse the judgment.

City's action for permanent mandatory injunction was based upon pleadings that in April, 1974, Reiter moved a building onto his premises located within City's limits; that the building fronts on U.S. Highway 67 and is located approximately nine or ten feet from the highway; that the property and building are in District M–1, Industrial District, under City's comprehensive zoning ordinance adopted in 1968; and that Section 9 of the ordinance requires a minimum distance of 50 feet for a front yard between any building and a state or federal highway upon which the building fronts.

Reiter's counterclaim, originally filed in October, 1977, was based upon pleadings to the effect that his building is located on the corner of Eastern Street and U.S. Highway

67 in City's limits; that the building fronts on Eastern Street and is not in violation of City's zoning ordinance; that he operates a retail produce business on the premises; that in June, 1974, City denied him a building permit and a concomitant water line tap; that in May, 1976, and again in February, 1977, City denied his application for a variance to the provisions of Section 9 of the zoning ordinance; and that as a result of City's refusal to grant him the building permit, water line tap, and zoning variance, he lost the use of his building and has annually lost particularized business income in a sum exceeding $125,000.00.

After Reiter had answered City's interrogatories and requests for admissions, City moved for summary judgment. The motion was supported by the affidavit of City's mayor, in which he stated that Reiter's property is located at the intersection of U.S. Highway 67 and Eastern Street; that the building in question faces the highway and is less than ten feet from the highway right-of-way; and that he was present at the meeting of the Board of Adjustment in February, 1977, when Reiter presented his application for a variance to the setback requirements, and that "[a]t this time Mr. Reiter recognized that the building fronted on Highway 67 and that Highway 67 was the front line to his property."

Reiter contested City's motion for summary judgment on the ground that material fact questions existed in the case. In answer to City's request for admissions, Reiter conceded that his property was zoned "M–1" and that it was located less than 20 feet from the right-of-way line of U.S. Highway 67; but he denied that his property has its front line along the highway, and denied that his building is located less than twenty feet from the front line of the property. In his controverting affidavit Reiter stated that his building fronts on Eastern Street and that its front yard is on Eastern Street.

■ It is settled that on review of a summary judgment all conflicts in the evidence are disregarded, the proof which tends to support the position of the party opposing the motion is accepted as true, and all doubts as to the existence of a genuine issue of material fact are resolved against the movant. *Farley v. Prudential Insurance Company,* 480 S.W.2d 176, 178 (Tex. Sup.1972). Under those rules, a fact question exists in the record as to whether Reiter's property fronts on U.S. Highway 67. That question is critical to the City's right to the injunction it seeks.

■ City argues that the take-nothing summary judgment on Reiter's counterclaim is proper because City is immune from liability under the theory of governmental immunity. However, City could be liable if it acted arbitrarily or unreasonably in denying the permits sought by Reiter. *City of Austin v. Teague,* 570 S.W.2d 389 (Tex.Sup.1978). Reiter, not a lawyer, has represented himself throughout this case, and drafted his pleadings. City has not excepted to Reiter's pleadings, and without such exception the pleadings should be liberally construed in Reiter's favor. Rule 90, Vernon's Tex. Rules Civ.Proc.; *Scott v. Gardner,* 137 Tex. 628, 156 S.W.2d 513, 515 (1941). We shall not set forth the lengthy counterclaim, but in it Reiter alleged that he is not in violation of City's zoning ordinance, and inferentially pleaded that City acted arbitrarily and unreasonably when it denied him the permits he sought, and thereby denied him the use of his property.

City pleaded the two-year statute of limitation in defense of Reiter's counterclaim. Although it may develop on the trial that a part of Reiter's claim is barred by the statute, it is plain under the pleadings that all of it is not. Accordingly, the take-nothing judgment in question is not supported by the plea.

The judgment is reversed and this cause is remanded for trial.