Marvin REITER, Appellant,

v.

CITY OF KEENE, Appellee.

No. 6166.

Court of Civil Appeals of Texas,
Waco.

June 13, 1980.

Rehearing Denied July 10, 1980.

Marvin Reiter, pro se.

David B. Anderson, Anderson & Anderson, Cleburne, for appellee.

## OPINION

JAMES, Justice.

This is a zoning case, and is before this court for the second time on appeal. Originally the City of Keene, Appellee herein, brought suit against Appellant Marvin Reiter, seeking an injunction to prevent an alleged violation of the setback requirements of Keene's zoning ordinance. Appellant Reiter counterclaimed against Appellee City and against individual officials of the city, including the Mayor, City Councilmen, and members of the Zoning Board of Adjustment. Reiter sought to recover damages arising out of the City's allegedly wrongful denial of a building permit, or, alternatively, out of the City's allegedly wrongful refusal to grant Reiter a variance to the setback requirements of the zoning ordinance. The trial court first rendered a summary judgment granting the City's in-

junctive relief and denying relief on Appellant's counterclaim. Appeal was taken from the summary judgment and this court reversed and remanded the cause for trial on the merits. *Reiter v. City of Keene* (Waco, Tex.Civ.App.1978) 571 S.W.2d 72, no writ.

Prior to the trial on remand, Reiter sold the property in question; thus the question of the injunctive relief sought against Reiter became moot and the City voluntarily nonsuited. Reiter, thereafter cast as Plaintiff, went to trial on his Ninth Amended Original Petition which alleged alternatively that: (1) Plaintiff was in compliance with the zoning ordinance (and should not have been denied a building permit by Defendant City); or (2) Plaintiff properly sought a variance from the setback requirements of the Defendant City's zoning ordinance and that the Defendant City's Zoning Board of Adjustment arbitrarily and capriciously denied Plaintiff's request for a variance. Reiter further alleged that the Mayor, City Councilmen, and members of the Zoning Board of Adjustment of the City of Keene acted in concert "to conspire against, hinder, and frustrate the opening of Plaintiff's business in selling groceries." Finally, Reiter alleged that the acts complained of had resulted in substantial damage to his business and in other consequential damages; thus Reiter prayed for recovery of actual and exemplary damages totalling ten million, fifty thousand dollars.

Trial was to a jury, but after Reiter rested his case, the trial court instructed the jury to return a verdict denying Reiter's claims, and thereupon rendered judgment that Reiter take nothing.

Reiter appeals assigning fifty-three points of error, which may be summarized as six major contentions: (1) the trial court erred in instructing the verdict because the evidence raised fact issues which compelled submission of the case to the jury; (2) the trial court erred in excluding certain evidence offered by Appellant; (3) the trial court erred in failing to grant a continuance to allow Appellant time to insure the presence of witnesses; (4) the trial court erred in failing to hold certain witnesses and parties in contempt for failure to appear after having been served with subpoenas; (5) the trial court erred in commenting on the weight of the evidence in the case; and (6) the trial court erred in refusing to file findings of fact and conclusions of law. We overrule all of Appellant's contentions and affirm the judgment of the trial court.

In his primary contention on appeal, Reiter asserts that the trial court erred in instructing a verdict because the evidence raised fact issues which required submission to a jury. The Appellee City contends that the directed verdict was proper because: 1) there was no evidence that Reiter was in compliance with the City's zoning ordinance; 2) there was no evidence that enforcement of the ordinance resulted in an "unnecessary hardship" to Reiter; 3) there was no evidence of a "conspiracy" between the city officials joined as defendants in this suit; and 4) there was no evidence of probative force that could sustain an award of money damages in this case. In reviewing an instructed verdict, it is our duty to consider all of the evidence in its most favorable light in support of the Appellant's position and discard all contrary evidence and inferences. *Henderson v. Travelers Insurance Co.*, 544 S.W.2d 649 (Tex.1976); *Anderson v. Moore*, 448 S.W.2d 105 (Tex. 1969). We have therefore carefully reviewed all the evidence in this case in the light most favorable to Reiter's claims but we have concluded that Reiter's proof was indeed lacking in the ways asserted by Appellee City and that the instructed verdict was therefore proper.

The property involved in this suit was a corner lot, located on the far eastern limit of the City of Keene, at the corner of Eastern Street and Highway 67. The property was zoned for industrial use. The record reflects that the setback requirement for buildings fronting on Highway 67 was 50 feet from the highway right-of-way, whereas the setback requirement for property fronting on Eastern Street was only 30 feet. Reiter had purchased a building from another site and had moved it onto the lot

in question, placing it on a cedar post foundation. The record reflects that the building was situated about 8 feet from Highway 67, rather than the 50 feet required by ordinance.

■ Reiter first sought to avoid the setback requirement on Highway 67 by asserting that his building "fronted" on Eastern Street and was therefore not subject to the 50-foot setback requirement for Highway 67. Although Reiter tried to elicit testimony in support of his contention, the undisputed testimony in the record was to the effect that Reiter's building fronted on Highway 67 and that the wall of the building which did face Eastern Street was a solid wall, without any doors or windows.

■ Reiter alternatively sought to establish that the Board of Adjustment acted arbitrarily and capriciously in denying his request for a variance. The City's zoning ordinance, tracking the language of Article 1011g, Vernon's Tex.Civ. Statutes, provided that the Board of Adjustment was granted the power to authorize variances from the requirements of the zoning ordinance when "a literal enforcement of the provisions of the ordinance will result in unnecessary hardship." In view of this language, Texas courts have held that a property owner challenging the action of a Board of Adjustment must show that enforcement of the ordinance would destroy any reasonable use of his property. "A variance is not authorized merely to accommodate the highest and best use of the property, but where the zoning ordinance does not permit any reasonable use of such lot." *Board of Adjustment of San Antonio v. Willie* (San Antonio, Tex.Civ.App.1974) 511 S.W.2d 591, n. r. e. In the instant case there was no evidence offered that the enforcement of the 50-foot setback requirements would have worked an "unnecessary hardship" on Reiter. In fact, there was no evidence offered to explain why the property could not be used in compliance with the ordinance. Reiter's brief argues that enforcement of the setback requirement would have resulted in a significant loss of visibility of the building from Highway 67 because there was sub-stantial brush located close to the highway on the property adjacent to Reiter's property. While evidence of these facts could possibly have been evidence of "hardship", these facts only appear in the brief and there is no testimony in the record that would support Reiter's assertions.

■ The record is also void of any evidence supporting Reiter's allegation that city officials conspired to frustrate the operation of his business. Reiter attempted to elicit admissions of such a conspiracy from several witnesses but all witnesses denied the same. There is evidence in the record that the several departments of the city acted in concert to enforce the zoning ordinance; however, such action is proper and could not possibly form a basis of recovery by Reiter in this case.

■ Finally, there was no evidence offered to establish damage to Reiter's business as a result of the City's actions. Reiter himself did not testify in this case, nor did any other·person with personal knowledge of the nature or extent of Reiter's business. The only evidence related to damages was the testimony of a representative of the electric company servicing the City of Keene, who testified that he had ordered service discontinued to Reiter's building at the request of the City. This testimony alone, without any information regarding even the nature of Reiter's business, could not have supported an award of damages in this case. Reiter's first contention is overruled.

We have carefully considered Appellant Reiter's other points and contentions and also overrule them as being without merit.

The judgment of the trial court is affirmed.

AFFIRMED.