BOARD OF ADJUSTMENT OF CITY OF PINEY POINT VILLAGE, Texas, and City of Piney Point Village, Texas, Appellants,

v.

Karl AMELANG, Appellee.

No. A14–86–00856–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 13, 1987.

Rehearing Denied Sept. 10, 1987.

Kenneth Wall, Houston, for appellants.

Karen Brandstrader, Michael A. Pullara, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

OPINION

ROBERTSON, Justice.

This is an appeal from a summary judgment ordering the Board of Adjustment of the City of Piney Point Village (Board) to grant appellee a fence height special exception. Issues on appeal concern the grant of appellee's motion for summary judgment and the denial of appellant's motion for summary judgment. We reverse and remand.

The facts are not in dispute. On June 25, 1984, the City Council of the City of Piney Point Village, Texas, adopted Ordinance No. 647, a comprehensive zoning ordinance for the city. This ordinance classified the entire city as a single family residential district and established regulations for land use within the district. In addition, the ordinance provided for the appointment of a board of adjustment to exercise the powers granted by Tex.Rev.Civ. Stat.Ann. art. 1011g (Vernon Supp.1987).

Section 3.2.3.1 of the zoning ordinance requires a front yard having a depth of not less than fifty feet. Section 3.3.9 permits the construction of a fence not exceeding three feet in height in a required front yard. However, a special exception to section 3.3.9 may be granted pursuant to section 9.4, which provides:

In addition to any other special exception specifically set forth in this Ordinance, the Board of Adjustment may, unless contrary to the intent and purpose of this Ordinance, in the manner aforesaid, grant a special exception in the following case:

9.4.1 Authorize the erection of a fence exceeding three (3) feet in height within a required front yard if it is established by an applicant that:

9.4.1.1 Such fence will not create a hazard to either vehicular or pedestrian traffic; and

9.4.1.2 Such fence does not exceed six (6) feet in height above the average natural grade of the lot at the property line adjacent to such fence; provided however, any portion of such fence which exceeds three (3) feet in height shall be constructed in such a manner

as to contain at least eighty (80) percent unobstructed, open views comprised of uniformly spaced gaps separated by visually solid materials not less than one-half (½) inch in width, and supports for such wall or fence shall be of visually solid construction and uniformly spaced; and

9.4.1.3 Such fence is reasonably necessary to protect the property upon which it is located, or the residents thereof, from a traffic hazard or hazards, or from trespass; and

9.4.1.4 That such fence will not cause injury to surrounding property.

Appellee is the owner of a parcel of property located on Memorial Drive in the City of Piney Point Village (City). In July 1984, after construction had already begun, appellee's contractor was notified that a permit was required for construction of a fence. Appellee then applied to the City's Building Official for a permit to build the fence, but his permit application was denied because the proposed fence was over three feet in height. Nevertheless, appellee completed construction of the fence without the required permit.

On August 22, 1984, appellee applied to the Board for a special exception to allow the fence. Following a hearing on September 13, 1984, the Board denied appellee's special exception application. On February 19, 1985, appellee, again, applied to the Board for a fence height special exception. Again, the Board denied appellee's special exception application.

Thereafter, on March 25, 1985, appellee filed suit against the Board and the City, alleging the Board's decision was illegal. The court ordered the clerk to issue a writ of certiorari and, after service of the writ, the Board made its return. In addition, the City answered with a general denial and a counterclaim for an injunction ordering removal of the fence. Both parties moved for summary judgment. Following a hearing, the court entered a final judgment granting appellee's motion and denying appellants' motion.

In their first point of error appellants contend the trial court erred in granting appellee's motion for summary judgment. Appellee, on the other hand, asserts he clearly showed that the Board's denial of his special exception application was illegal, because it was arbitrary, capricious, and discriminatory. We do not agree.

Although Tex.Rev.Civ.Stat.Ann. art. 1011g(m) (Vernon Supp.1987) allows a trial court reviewing a decision of a board of adjustment by writ of certiorari to reverse, affirm wholly or partly, or modify the board's decision, the court must apply the following legal principles: (1) the only question which may properly be raised is the legality of the board's order; (2) a legal presumption exists in favor of the board's order and the burden of proof to clearly establish an abuse of discretion, in light of the entire record, rests upon the party attacking the board's decision; (3) when deciding the legality of the board's order the trial court must not substitute its judgment for the board's; (4) the court should decide the legality of the board's order based upon the materials returned in response to the writ of certiorari and such testimony as may be received for the purpose of correcting errors of law; and (5) if the evidence before the court, as a whole, is such that reasonable minds could have reached the same conclusion that the board reached in order to justify its action, the order must be sustained. *See City of San Angelo v. Boehme Bakery*, 144 Tex. 281, 190 S.W.2d 67 (1945); *Texans to Save the Capitol v. Bd. of Adjustment of the City of Austin*, 647 S.W.2d 773 (Tex.App.—Austin 1983, writ ref'd n.r.e.); *Currey v. Kimple*, 577 S.W.2d 508 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.); and *Swain v. Bd. of Adjustment of the City of Univ. Park*, 433 S.W.2d 727 (Tex.Civ.App.—Dallas 1968, writ ref'd n.r.e.), *cert. denied*, 396 U.S. 277, 90 S.Ct. 563, 24 L.Ed.2d 465, *reh'g denied*, 397 U.S. 977, 90 S.Ct. 1085, 25 L.Ed.2d 274 (1970).

The record before the trial court was replete with evidence such that reasonable minds could have reached the same conclusion that the board reached in order to justify its action. First, the minutes of both Board meetings reveal that the Board questioned whether the present location of the fence was necessary to protect the

property. Because appellee has a large front yard, the board questioned whether a fence placed further back on the property would protect the property as well. More importantly, the minutes of the September 13, 1984, Board meeting show that the Board had serious concerns about the fence causing traffic hazards. Appellee presented no proof to the Board, other than his own assertions, that the fence did not create traffic hazards. Finally, there was evidence that the fence failed to meet the requirements of section 9.4.1.2 of the zoning ordinance because it was over six feet in height. On three separate occasions, twice on August 22, 1984, and once on February 19, 1985, appellee wrote to the Board requesting a fence height special exception. Attached to each letter was a plat map bearing the notation: proposed fence—steel post rails and pickets—*approximately seven feet high.* Additionally, the minutes of the March 14, 1985, Board meeting disclose that upon questioning, appellee admitted his fence pickets were *six and two-thirds feet in height.*

Appellee also asserts the Board's return to the writ of certiorari is not verified and, for this reason alone, he is entitled to summary judgment. However, Exhibit Q of the return is the City Secretary's certification that the exhibits attached to the return are true and correct copies of the Board's records. Further, appellee never objected to the return. Appellee even cited to the return as summary judgment evidence in his motion for summary judgment. Therefore, error, if any, has been waived. Tex. R.App.P. 52(a).

Contrary to his contentions, we find the trial court erred in granting appellee's motion for summary judgment. Appellee failed to clearly show that the Board abused its discretion in denying his special exception applications. Appellants' first point of error is sustained.

In their second point of error appellants contend the trial court erred by denying their motion for summary judgment. We agree.

In response to appellee's motion, appellants filed a motion for summary judgment which requested the court to enter judgment that appellee take nothing by his suit and to issue a permanent injunction ordering him to remove his fence. Appellants' motion set forth the following specific grounds as their basis for summary judgment: the City properly enacted a zoning ordinance; within the zoning ordinance are specific sections dealing with fences; appellee owns a parcel of property within the city; appellee built a fence in violation of the zoning ordinance; appellee has applied for, and been denied, a special exception to the zoning ordinance; and appellee maintains the fence in violation of the ordinance. Appellants rely upon the affidavit of the City's Building Official and the Board's return to the writ of certiorari to support their motion.

Appellee adopted his prior pleadings and proof as a response to appellant's motion. As previously discussed, appellee's pleadings presented one question of law—was the Board's decision illegal? Appellee's pleadings and proof fail to raise any fact issues.

After reviewing the entire record, we hold appellants' proof was sufficient, as a matter of law, to prove that they were entitled to summary judgment. *See City of Fort Worth v. Johnson,* 388 S.W.2d 400 (Tex.1964); *Fuentes v. City of Kingsville,* 616 S.W.2d 679 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.). Therefore, the trial court erred in denying appellants' motion for summary judgment. Appellants' second point of error is sustained.

The judgment of the trial court is reversed and the cause is remanded to the trial court with directions to enter judgment that appellee take nothing by this suit and to issue a permanent injunction ordering appellee to bring the fence into compliance with section 3.3.9 of Ordinance No. 647 or remove the fence entirely.

J. CURTISS BROWN, Chief Justice, dissenting.

I respectfully dissent.

I agree with the trial court that the Board of Adjustment of Piney Point Vil-

lage abused its discretion. Karl Amelang established his right to a special exception permitting his fence under every provision of 9.4.1. His property is located at the intersection of Piney Point and Memorial Drive. The vehicular traffic is heavy. Protection from criminal activity ranging from trespass to burglary is desirable. Although notified, none of Amelang's neighbors objected to his fence. Indeed, those that filed the affidavits approved of the fence and endorsed the necessity for it. The fence itself is shown by photographs introduced on the summary judgment proceedings to be a handsome fence of metal pickets with ample space between the pickets so as to afford a virtually unobstructed view to motorists and others.

Virtually all of the homes in the vicinity of Amelang's residence have fences or other barriers exceeding three feet in height abutting Memorial Drive. Amelang's home is 11505 Memorial Drive. The Board of Adjustment at other times granted exceptions for 11406 Memorial Drive, 11408 Memorial Drive, 11440 Memorial Drive, and 11439 Memorial Drive.

Twenty six thousand cars use Memorial Drive in this vicinity every twenty four hours. Nearly one-third of all of the traffic collisions in the city of Piney Point take place in this vicinity. Amelang has sustained property damage by automotive traffic running into his yard. Photographs attached as summary judgment evidence demonstrates that no safety hazards are involved. On the contrary, not only was the nonexistence of any traffic hazard brought forth but Amelang presented evidence of his safety concerns for his grandchildren. It is unfortunate that Amelang's fence was constructed without a permit thus incurring the wrath of the city bureaucrats. Having conclusively established all of the elements establishing his entitlement to his special exception, however, such should have been granted.

Sufficient evidence exists to justify the trial courts finding that the Board abused its discretion. Since the Board abused its discretion the trial court properly entered summary judgment in favor of Amelang.

*See City of San Angelo v. Boehme Bakery,* 144 Tex. 281, 190 S.W.2d 67 (1945).

In any event, I disagree with the court's holding that appellant's summary judgment proof compels, as a matter of law, the issuance of a permanent injunction ordering appellee to relocate his fence or remove the fence entirely. I recognize that mandatory injunctive relief may be appropriate in some zoning cases. However, such relief, if any, should follow trial on the merits so that equities can be weighed.

Surely the trial court retains discretion to "do equity" and consider other equitable principles. This great writ from ancient times has allowed consideration of clean hands, laches, estoppel and most important here, balancing of equities. Even aggravated city bureaucrats should not be allowed to impose punitive measures on Amelang. The trial court should be entitled to at least consider the damage done, benefits to be gained and alternatives that may be available. *See City of Spring Valley v. Hurst,* 530 S.W.2d 599 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.).

I believe that the judgment of the trial court should be affirmed.