The TOWN OF SOUTH PADRE ISLAND TEXAS on Behalf of its BOARD OF ADJUSTMENT a/k/a Board of Adjustments and Appeals, Appellant,

v.

Alonzo CANTU and Yolanda Cantu, Appellees.

No. 13–00–259–CV.

Court of Appeals of Texas, Corpus Christi.

June 28, 2001.

---

Paul Y. Cunningham, South Padre, Island, for appellant.

Horacio L. Barrera, Martinez & Barrerra, Brownsville, for appellees.

Before Chief Justice VALDEZ, and Justices DORSEY and RODRIGUEZ.

## OPINION

Opinion by Chief Justice VALDEZ.

Appellant, the Town of South Padre Island (Town), appeals a ruling from the 197th District Court in Cameron County that reversed a decision by the Town's Board of Adjustment (Board) to deny Appellees, Alonso and Yolanda Cantu (Cantus), a variance to the Town's zoning laws. We affirm the judgment of the district court.

In 1998, the Cantus prepared plans for the construction of their home in South Padre Island, and submitted them to the Town's building department for approval. After the Town issued a building permit for construction in accordance with the plans submitted, the Cantus commenced construction of their home. When the home was nearly eighty percent complete, a building inspector informed the Cantus

that an overhanging portion of the upper part of their house protruded approximately two feet over a building-setback line mandated by a Town zoning ordinance. It was undisputed that the protrusion was· disclosed in the plans that were submitted to the Town, and that the Cantus had nearly completed construction of their home.

The Cantus re-surveyed the property, and determined that a portion of the bedroom over the garage protruded twenty-two inches into the airspace over the building setback line. The Cantus then requested a variance from the Board to accommodate the small protrusion into the restricted area. At the hearing before the Board, the Cantus established that the requested variance did not pose any health or safety risk. The Cantus provided letters from their next-door neighbors in support of a grant of the variance, and at least one of their neighbors spoke up at the hearing in favor of granting the variance. Although a majority of the members of the Board voted in favor of the variance, it did not pass by the seventy-five percent majority required by statute. *See* Tex.Loc. Gov't Code Ann. § 211.009(c) (Vernon 1999).

The Cantus requested judicial review of the Board's decision not to grant the variance. The 197th District Court granted certiorari to hear an appeal from the Board's decision. *See* Tex.Loc.Gov't Code Ann. § 211.011(c) (Vernon Supp.2001). The trial court reviewed the pleadings and considered several exhibits and an audio tape of the hearing before the Board. The court found that the Board had abused its discretion by failing to grant the variance, and entered judgment accordingly. The court also determined that special conditions existed in favor of granting the variance such that the Cantus would suffer an unnecessary hardship if the variance were not granted. This appeal ensued.

In four issues, the Town argues: (1) the trial court improperly substituted its own judgment for the judgment of the Board; (2) the trial court erred by finding that special conditions existed that created a hardship for the Cantus if the variance were not granted; (3) the trial court erred in finding that a variance granted to the Cantus would not adversely affect the public's interest; and, (4) the trial court erred in its conclusion of law that the Board abused its discretion. We disagree.

■■■ In a certiorari proceeding to review an order of a city board of adjustment denying an exception to a zoning ordinance, the only question which may be raised by petition is that of the legality of the board of adjustment's order. *City of San Angelo v. Boehme Bakery*, 144 Tex. 281, 190 S.W.2d 67, 70 (1945); *Board of Adjustment, City of Corpus Christi v. McBride*, 676 S.W.2d 705, 706 (Tex.App.—Corpus Christi 1984, no writ). A legal presumption exists in favor of the Board, and the burden of proof to establish illegality rests upon those who attempt to overcome the presumption of validity. *Swain v. Bd. of Adjustment of City of University Park*, 433 S.W.2d 727, 730 (Tex.Civ.App.—Dallas 1968, writ ref'd n.r.e.). A district court may not substitute its judgment for that of a board of adjustment, even when the overwhelming preponderance of the evidence is against the board's decision. *Bd. of Adjustment of the City of Corpus Christi v. Flores*, 860 S.W.2d 622, 625 (Tex.App.—Corpus Christi 1993, writ denied). However, if a board of adjustment acts without reference to any guiding rules and principles or acted arbitrarily and unreasonably, a failure to grant a variance, as a matter of law, is an abuse of discretion. *Flores*, 860 S.W.2d 622, 626; *see Wende v. Bd. of Adjustment of San Anto-*

*nio,* 27 S.W.3d 162, 165 (Tex.App.—San Antonio 2000, pet. pending). The decision of a board of adjustment is reversible only if the facts are such that the board, as fact finder, could only have reached one decision. *Flores,* 860 S.W.2d at 626.

This Court, faced with a similar procedural history in *McBride,* held that a board of adjustment abuses its discretion when it fails to grant an exception when the undisputed facts show that a hardship would exist and that the exception would not adversely affect other interests. *McBride,* 676 S.W.2d at 709. In *McBride,* the board of adjustment did not challenge the findings of fact filed by the trial court. The unchallenged findings constituted undisputed facts and were binding on this Court. *Id.* at 706. The distinction between the present case and *McBride,* is that in the instant case, some of the facts are disputed. The Town challenges the trial court's findings that the variance granted does not adversely affect the public interest, and that enforcement of the ordinance would result in an unnecessary hardship to the Cantus. These findings will be upheld only if the record reflects that no other decision on these issues could have been reached by the Board. *See Flores,* 860 S.W.2d at 626; *see also Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992).

The remaining findings of the trial court are unchallenged, and therefore, we are bound by these unchallenged findings in the present case. *Flores,* 860 S.W.2d at 627. The trial court's unchallenged findings state: the Cantus timely filed their request for a variance with the Town of South Padre Island; the Cantus disclosed to the Town the encroachment into the setback requirements at the time the building plans were filed with the Town and the Town failed to object to these plans; the Cantus proceeded with construction of the structure in accordance with these plans; the Town did not advise the Cantus of the encroachment until the structure was more than 70% complete; the encroachment is less than 24 inches into the setback requirements; and, the Cantus' neighbors supported their request for a variance and spoke in favor of the Cantus at the time of the hearing.

We first review the evidence relating to the two findings which are challenged by the Town.

*Enforcement would result in an unnecessary hardship.*

In issue two, the Town argues that the trial court erred in finding that special conditions exist in favor of granting the variance and that enforcement of the ordinance would result in an unnecessary hardship to the Cantus. At the hearing before the Board, the evidence was undisputed that enforcement of the ordinance would require the Cantus to spend tens of thousands of dollars to change their house. Further, the record reflects that enforcement of the ordinance would substantially change the house's appearance, and would make the house and the area less aesthetically pleasing. We note that in order to justify a variance, a hardship must not be self-imposed, nor financial only, and must relate to the very property for which variance is sought, i.e., a condition unique, oppressive, and not common to other property. *See Moody v. University Park,* 278 S.W.2d 912, 920 n. 2 (Tex.Civ.App.—Dallas 1955, writ ref'd n.r.e.).

In the present situation, the uncontroverted evidence reveals that the Cantus' property was subjected to a unique, oppressive condition, caused by the Town's acquiescence to the building plans. Substantial permanent improvements were made to the property, with the Town's knowledge and under its supervision,

which altered the nature of the property.[1] At the point in time when the Town withdrew their authorization to continue the construction in accordance with the plans, the undisputed evidence reveals that the real property was subject to a unique, oppressive condition because the house could no longer be completed as designed without a variance. Therefore, the only decision which the Board could have arrived at was that enforcement of the ordinance would result in an unnecessary hardship to the Cantus. We overrule issue two.

*Variance does not affect public interest.*

■ In issue three, the Town argues that the trial court erred in finding that the variance granted to the Cantus does not adversely affect the public's interest. On the record before us, we find that the evidence was undisputed that the variance requested would not affect the public interest.[2] At the hearing before the Board, the Town's building inspector stated that the Cantus' house, with the violation, would still be more than ten feet away from the nearest utility line, and that therefore, there was no health or safety problem with protrusion over the setback line. Further, the Cantus' neighbors supported the granting of the variance. Evidence was actually brought before the board of adjustment that to not grant the variance would actually make the property and the general area appear less attrac-tive, not more attractive. Accordingly, we find that the Board, as fact finder, could only have reached one decision: that the variance granted does not adversely affect the public interest. We overrule issue three.

Having found that the facts are such that the only decision which the Town's Board of Adjustment, as a fact finder, could have reached was that a hardship does exist and that the variance does not affect the public interest, we conclude that the trial court did not improperly substitute its judgment for the judgment of the Board of Adjustment. On these facts, we further conclude that the Board abused its discretion by failing to grant the variance. *See McBride,* 676 S.W.2d at 709 (holding that a board of adjustment abuses its discretion when it fails to grant a variance when the undisputed facts show that a hardship would exist and that the variance would not adversely affect other interests). Issues one and four are overruled.

We AFFIRM the judgment of the trial court.

---

1. Once construction of the house commenced, the nature of the realty was affected because the construction materials which were affixed to the property actually became part of the property. *Erwin v. Steele,* 228 S.W.2d 882, 885 (Tex.Civ.App.—Dallas 1950, writ ref'd n.r.e.)(holding that the term "real property" describes land and that which is annexed thereto).

2. The Town argues that *any* encroachment of a setback ordinance violates the public inter-est, however, cites no authority to support this argument. We disagree with the Town's argument. The local government code allows variances to be granted on a case by case basis when a literal enforcement of an ordinance would result in an unnecessary hardship, and therefore, the legislature obviously envisioned scenarios, such as the present one, where the granting of a variance would not affect public interest. *See* TEX.LOC.GOV'T CODE ANN. § 211.009 (Vernon 1999).