Affirmed and Opinion filed May 19, 2005









Affirmed and Opinion filed May 19, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00419-CV

____________

 

BOARD OF
ADJUSTMENT OF THE CITY OF PINEY POINT VILLAGE, Appellant

 

V.

 

J. MICHAEL SOLAR, Appellee

 



 

On Appeal from the 55th
District Court

Harris County, Texas

Trial Court Cause No. 03-34582

 



 

O P I N I O N

Appellee, J. Michael Solar, sought a
zoning variance from appellant, the Board of Adjustment of the City of Piney
Point Village (“the Board”), to build a private swimming pool in his yard.  The Board denied Solar’s variance request,
and he appealed that decision to the district court.  Both sides moved for summary judgment, and
the district court granted Solar’s motion. 
The court found that the Board abused its discretion in denying Solar’s
variance request and ordered the Board to grant the variance.  In one issue, the Board asserts the district
court erred in determining the Board abused its discretion.  We affirm.








                          Factual and Procedural Background

According to the undisputed summary
judgment evidence,[1]
Solar and his family reside in the City of Piney Point Village in Houston,
Texas.   Solar decided to build a
swimming pool for his family’s private recreational use, but this was not an
easy task because of the characteristics of Solar’s property.  Solar’s property is unusual—it has a
sixty-foot drop immediately behind the residence leading down to Buffalo Bayou
and brick walls over eight feet high on both sides of the property.  The property also has large decks, patios,
and trees in the back yard.  Solar worked
with a pool contractor and architect, and they advised that because of these
and other physical characteristics of the property, Solar should build the pool
in the side yard rather than the back yard. 
To build the pool in the back would require destruction of the patios,
decks, and trees and would cost at least three to four times more than building
in the side yard.  The pool contractor
was not even sure it was feasible to build in the back and, if he were to
attempt to build there, reserved the right to increase the price and even to
completely abandon the project based on unforseen conditions. 

Piney Point’s City Code requires two side
yards on each lot and mandates that swimming pools be at least ten feet from
the nearest lot line.  See Piney Point Village, Houston, Tex., Code
§§ 74-243(5)(b), 74-244(a)(2) (2002). 
Because Solar’s proposed swimming pool would consume most of the side
yard, he applied to the Board for a variance from the side yard
requirements.  Piney Point’s City Code,
which tracks the relevant statutory authority in all material respects,[2]
authorizes the Board to grant variances from these and other zoning
requirements:

The board of adjustment is hereby
vested with power and authority . . .








(3) To authorize upon request in
special cases, such variances from the terms of this chapter as will not be
contrary to the public interest, where, owing to special conditions, the
literal enforcement of the provisions of this chapter will result in
unnecessary hardship, and so that the spirit of this chapter shall be observed
and substantial justice done . . . .

Id. § 74-68(3).

A member of the Board came to inspect
Solar’s property and the proposed pool site, and then the Board held a hearing.  Solar presented oral and documentary evidence
to the Board, including the following:

*        Solar and his family wanted a pool for
their private recreational use.

*        Solar submitted photographs and drawings
and explained the physical configuration of his property, including the
sixty-foot drop leading to Buffalo Bayou, the eight-foot seven-inch brick walls
on both sides, and the existing decks, patios, and trees.

*        Because of the steep drop and brick
walls on the property, the pool would not be visible from the outside.  After receiving notice of the proposed
variance, none of Solar’s neighbors expressed any opposition, and the neighbors
on the property closest to the proposed pool stated in writing that they had no
objection.  There was no evidence presented
of harm to any interest that would be caused by granting the variance.

*        Solar explained his architect and pool
contractor’s recommendations to build on the side yard, the cost comparison
between building in the back versus building in the side yard, the need to
destroy his existing structures and trees to build in the back, and the pool
contractor’s insistence on a right to abandon a project to build in the back
due to unforseen conditions.

*        When the Board member inspected the
property before the hearing, he agreed that the only viable option for a pool
was on the site proposed in the variance request.  The Board member again reiterated this at the
hearing.








*        The increased cost and destruction of
existing structures of building the pool in the back, even if physically
possible, would prevent Solar from building a pool, and he and his family would
suffer the hardship of not being able to swim on their property.

No oral or documentary evidence was
presented to contradict any of Solar’s evidence.  Nevertheless, the Board denied Solar’s
requested variance.  The form on which
the Board recorded its decision has a space for the Board to state its reasons
for its decision, but the Board left that space blank.  

Under the Local Government Code, a person
aggrieved by the decision of a board of adjustment may appeal and file a
petition for writ of certiorari.  See
Tex. Loc. Gov’t Code Ann. §
211.011 (Vernon 1999).  “The writ of
certiorari is the method by which the court conducts its review; its purpose is
to require a zoning board of adjustment to forward to the court the record of
the particular zoning decision being challenged.”  Davis v. Zoning Bd. of Adjustment of La
Porte, 865 S.W.2d 941, 942 (Tex. 1993). 
If the district court grants the petition for certiorari, the board of
adjustment must submit to the court the record of its decision or “return,” and
the return “must concisely state any pertinent and material facts that show the
grounds of the decision under appeal.”  Tex. Loc. Gov’t Code Ann. § 211.011(c),
(d).  The district court then reviews the
return and, if it concludes that it is necessary, may take additional evidence
before determining whether the board’s decision was illegal.  Id. § 211.011(a), (e), (f).  A board of adjustment acts illegally if it
abuses its discretion in making its decision. 
Bd. of Adjustment of Dallas v. Patel, 882 S.W.2d 87, 88 (Tex.
App.—Amarillo 1994, writ denied).








Solar appealed and filed a petition for
writ of certiorari, which the district court granted.  Despite the statutory requirement that the
Board, when forwarding its return to the district court, state any pertinent
and material facts to support its decision, the Board again failed to specify
any such facts.  Both parties filed
motions for summary judgment, and Solar included with his summary judgment
proof an affidavit describing the variance hearing and the evidence he
submitted to the Board.[3]  The trial court denied the Board’s motion,
granted Solar’s motion, and ordered the Board to grant Solar’s variance
request.  The Board appealed, asserting
the trial court erred in determining that it abused its discretion in denying
Solar’s variance request.

                                                      Analysis

The summary judgment movant has the burden
to show that no genuine issue of material fact exists and that it is entitled
to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  When both sides move for summary judgment and
the trial court grants one motion and denies the other, the reviewing court
should review the summary judgment evidence presented by both sides and
determine all questions presented.  Comm’rs
Court v. Agan, 940 S.W.2d 77, 81 (Tex. 1997).  The reviewing court should then render the
judgment the trial court should have rendered. 
Id.








A legal presumption exists in favor of an
adjustment board’s decision to grant or deny a variance, and an aggrieved party
has the burden of proof to clearly establish an abuse of discretion.  Bd. of Adjustment of Piney Point Village
v. Amelang, 737 S.W.2d 405, 406 (Tex. App.—Houston [14th Dist.] 1987, writ
denied).  The trial court must not
substitute its judgment for that of a board of adjustment, and if reasonable
minds could have reached the same decision, the board’s action must be
upheld.  Id.  However, if the undisputed evidence shows
that granting a variance would not adversely affect other interests and that
failure to do so would result in unnecessary hardship, a board of adjustment
abuses its discretion if it fails to grant a variance.  South Padre Island ex rel. Bd. of Adjustment
v. Cantu, 52 S.W.3d 287, 290 (Tex. App.—Corpus Christi 2001, no pet.); Bd.
of Adjustment, Corpus Christi v. McBride, 676 S.W.2d 705, 709 (Tex.
App.—Corpus Christi 1984, no writ).








No evidence was presented, and the Board
does not contend, that granting Solar’s requested variance would result in harm
to any other interest.  Rather, the Board
argues that Solar’s hardship is not an “unnecessary hardship” because his
hardship is merely financial, that is, a more expensive swimming pool.  A financial hardship does not constitute an
unnecessary hardship sufficient to support a variance request.  Bat’tles v. Bd. of Adjustment &
Appeals of Irving, 711 S.W.2d 297, 300 (Tex. App.—Dallas 1986, no writ); Bd.
of Adjustment of San Antonio v. Willie, 511 S.W.2d 591, 594 (Tex. App.—San
Antonio 1974, writ ref’d n.r.e.). 
However, the undisputed evidence shows that because of the
characteristics of Solar’s property, it may not be possible to build a swimming
pool in compliance with the zoning laws, and if possible, the increased cost
and need to destroy existing trees and structures would prevent Solar from
building the pool.  Therefore, without
the variance, Solar and his family will be deprived of the ability to swim on
their property.  That is not a financial
hardship but a loss of the right to recreate, which we conclude constitutes an
unnecessary hardship.  See Currey
v. Kimple, 577 S.W.2d 508, 512–13 (Tex. App.—Texarkana 1978, writ ref’d
n.r.e.) (finding no abuse of discretion in adjustment board’s granting variance
to build tennis court because of odd-shaped lot, noting that the family is
“entitled to use their property to the fullest as it relates to a family
dwelling and place for family recreation”);[4]
Thomas v. Zoning Bd. of Adjustment of Univ. Park, 241 S.W.2d 955, 959
(Tex. App.—Eastland 1951, no writ) (concluding that family was entitled to
build a private residential swimming pool as an accessory structure and
noting:  “Use by a family of the home,
under our customs, includes much more than simple use of a house and grounds
for food and shelter.  It also includes
its use for private . . . recreational advantages of the family.”); see also
Southland Addition Homeowner’s Ass’n v. Bd. of Adjustments, Wichita Falls,
710 S.W.2d 194, 195–96 (Tex. App.—Fort Worth 1986, writ ref’d n.r.e.) (holding
no abuse of discretion in granting variance necessary to construct office space
while preserving trees).

The Board, citing several cases holding
that variances are justified only if the zoning ordinance does not permit any
reasonable use of the property, argues that there is no right to a residential
variance unless failure to grant one means the property cannot be used as a
residence.  See, e.g., Bat’tles,
711 S.W.2d at 300; Reiter v. City of Keene, 601 S.W.2d 547, 549 (Tex.
App.—Waco 1980, writ dism’d); Willie, 511 S.W.2d at 594; Bd. of
Adjustment v. Stovall, 218 S.W.2d 286, 288 (Tex. App.—Fort Worth 1949, no
writ).  These cases are all commercial
cases involving variance requests to allow the property owner to earn a higher
profit.  They do not, as here, involve a
residential property owner seeking to recreate on his property with his
family.  See Currey, 577 S.W.2d at
513 (“Appellants’ argument that since the existing zoning ordinance permits a
reasonable use of the [appellees’] property as a residence, then the grounds
for granting a variance are thus negated, is not persuasive.  The [appellees] are entitled to use their
property to the fullest as it relates to a family dwelling and place for family
recreation, limited only by the provisions of valid statutes and
ordinances.”).  Under the Board’s
interpretation, it would never have to grant a residential variance for
any purpose so long as the property owner was able to construct or maintain
some sort of minimally habitable residence. 
We do not believe that is what the legislature contemplated when giving
boards of adjustment the authority to grant variances “so that the spirit of
the ordinance is observed and substantial justice is done.”  Tex.
Loc. Gov’t Code Ann. § 211.009(a)(3).








We do not hold that a board of adjustment
must grant every variance request to build a swimming pool.  But when, as here, there is no evidence of
harm to any interest and the undisputed evidence shows that failure to grant
the request will deprive the property owners of the ability to swim on their
property, it is an abuse of discretion to deny the variance.  Thus, the trial court did not err in granting
Solar’s motion for summary judgment on this basis.  We overrule the Board’s sole issue and affirm
the trial court’s judgment.

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Opinion filed May 19, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.











[1]  This includes
an affidavit Solar filed with his summary judgment motion which, as discussed
below, we conclude is proper summary judgment evidence.





[2]  See Tex. Loc. Gov’t Code Ann. § 211.009(a)(3)
(Vernon 1999) (explaining the authority of a board of adjustment to grant
variances).





[3]  The Board
objected to this affidavit, arguing that the trial court was limited to the
return in reviewing the Board’s decision unless the trial court makes a finding
that additional evidence “is necessary for the proper disposition of the
matter.”  Tex. Loc. Gov’t Code Ann. § 211.011(e).  The Board does not contend that the evidence
was unnecessary; its sole complaint is that the trial court did not make the
required finding.  Solar submitted the affidavit,
with attached photographs of his property, because the Board did not record or
otherwise document the evidence Solar presented in support of his variance
request and did not even forward the pictures he submitted demonstrating some
of the features of his property.  The
trial court did not explicitly find that the evidence was necessary, but the
Board has provided no authority demonstrating that such a finding must be
explicit.  Neither party requested that
the trial court make findings of fact, and therefore it is implied that the
trial court made all fact findings necessary to support its judgment.  Sixth RMA Partners, L.P. v. Sibley,
111 S.W.3d 46, 52 (Tex. 2003).  Based on
the bare return filed by the Board and its refusal to state facts underlying
its decision, we conclude the trial court implicitly determined the affidavit
was necessary to properly review whether the Board abused its discretion in
denying Solar’s variance request.





[4]   The Board
argues that we should not rely on Currey and other cases in which the
adjustment board granted the requested variance because they establish only
that the board did not abuse its discretion in finding unnecessary hardship in
those cases.  This argument misses the
point that although the Board has discretion to determine whether a particular
hardship actually exists in a given case, it does not have discretion to
determine whether an alleged hardship qualifies as an “unnecessary hardship,”
which is an issue of law to be decided by the courts.