IN THE SUPREME COURT OF TEXAS














IN THE SUPREME COURT OF TEXAS

 

════════════

No. 04-0263 

════════════

 

 City
 of Dallas, Texas, Board of
Adjustment of the City of Dallas, Texas, and Raj Sharma, in his capacity as the Building
Official of the City of Dallas,  Petitioners

 

v.

 

Doug Vanesko and Grace
Vanesko, Respondents

 

════════════════════════════════════════════════════

On Petition for Review from the

Court of Appeals for the Fifth District of Texas

════════════════════════════════════════════════════

 

 

 

Justice O’Neill, dissenting

 

I
agree that a trial court’s power to review a board of adjustment’s decision is
limited, and the trial court in this case exceeded that power by ignoring the
specific city ordinance that controlled the board’s review of the Vaneskos’ variance request.  However, I am concerned
that the board of adjustment misunderstood the level of discretion that the
ordinance afforded.  An attorney for the city admonished the board, I
believe incorrectly, that it must ignore evidence that (1) the city had
erroneously issued the permit upon which the Vaneskos
relied, (2) the house had been substantially built in accordance with the plans
the city had approved before the problem was discovered, (3) the cost to remedy
the problem would be significant, and (4) there might be an adverse aesthetic
effect on the neighborhood if the roof was torn off and re-pitched.  Had
the board taken this evidence into account and nevertheless denied the Vaneskos’ variance request, I believe that decision would
have been within the board’s considerable discretion.  But from the record
it is impossible to tell whether the board felt constrained by its attorney’s
admonishment.  As a result, I would remand the case to the board for
reconsideration of the Vaneskos’ variance request
with the proper legal principles in mind.  Because the Court does not
afford the board or the Vaneskos that opportunity, I
respectfully dissent.

 Under
the Local Government Code, a board of adjustment may authorize a variance from
the terms of a zoning ordinance if it is not contrary to the public interest
and, due to special conditions, literal enforcement of the ordinance would
result in unnecessary hardship, and so that “the spirit of the ordinance is
observed and substantial justice is done.”  Tex. Loc. Gov’t Code  ' 211.009(a)(3).  This same language is echoed in the Dallas city ordinance,
which further limits the board’s decision-making authority, although not to the
extent that the Court determines today.  That ordinance describes the
following parameters that govern the board’s discretion in considering variance
requests, which, for ease of reference, I have numbered [1]
through [3].  Specifically, the board may grant variances from height regulations

[1] that will not be contrary to the public interest when, owing
to special conditions, a literal enforcement of this chapter would result in
unnecessary hardship and so that the spirit of the ordinance will be observed
and substantial justice done. [2] The variance must be necessary to permit
development of a specific parcel of land which differs from other parcels of
land by being of such a restrictive area, shape, or slope that it cannot be
developed in a manner commensurate with the development upon other parcels of
land in districts with the same zoning classification. [3] A variance may not
be granted to relieve a self created or personal hardship, nor for financial
reasons only, nor may a variance be granted to permit any person a privilege in
developing a parcel of land not permitted by this chapter to other parcels of
land in districts with the same zoning classification.

  

 

Dallas City Code '
51A-3.102(d)(10).

The
evidence that the board in this case was admonished not to consider is certainly
relevant to the elements described in clause [1].  Evidence was presented
at the board-of-adjustment hearing that the Vaneskos’
neighbors, although understandably agitated by what had occurred, were not
opposed to the variance.  And there was some discussion that, because of
the way the house was designed, a re-pitched roof
would make the house look disproportionate and less aesthetically pleasing to
the neighborhood.  Thus, there was some indication, though not conclusive,
that the variance would not be “contrary to the public interest.” 
Further, any assessment of “unnecessary hardship” and “special conditions”
necessarily requires a fact-specific inquiry that should allow the Vaneskos to explain, and the board to consider, how their
need for the variance arose.

 

The
Court, however, ignores the clause [1] elements because it reads clause [2] as
the ultimate requirement for a variance.  I disagree, for if that were the
case there would have been no reason to include clause [1] in the
ordinance.  Instead, I believe clause [2]’s plain language speaks to
parcels of land that have not yet been improved and, due to restrictions that
are inherent in the land itself, a variance is “necessary to permit development
. . . .”  Clause [2] simply does not address the situation presented when
a structure has already been built on the land.  I agree with the amici curiae homebuilders[1] that there is
a substantial difference between a hardship caused by the inability to build
something desired, and a hardship caused by having to remove a nearly completed
structure at considerable expense.  I do not read the city ordinance here
to preclude consideration of that difference.  

Finally,
I believe that the Court misinterprets clause [3].  The hardship here was
not entirely self-created, as the city inspector was at least equally
culpable.  And although the hardship was in fact personal, there was some
evidence that the remedy necessary to effect compliance would require
eliminating trees and re-pitching the roof in a way that would be less
aesthetically pleasing C
something the neighbors might consider a hardship that they shared. 
Nevertheless, interpreting the ordinance to mean that whenever personal
hardship is involved a variance is prohibited is surely wrong.  It is hard
to imagine the need for a variance that does not in some way implicate personal
hardship.  Rather, the logical interpretation is that personal hardship
cannot be the sole basis for a variance.  If official error and
detrimental reliance are involved, the fact that personal hardship results
shouldn’t defeat the variance if other conditions are met, i.e., the
variance is not contrary to the public interest and literal enforcement would
cause unnecessary hardship.  Such a determination should be within the
board’s discretion.  

 

I
agree with the Court that the court of appeals and the trial court erred in
tying the board’s discretion to Cantu and McBride, in effect
ignoring the strictures that the city ordinance imposed.  See Town of S. Padre Island v. Cantu, 52 S.W.3d 287 (Tex. App.CCorpus
Christi 2001, no pet.); Bd. of Adjustment v. McBride, 676 S.W.2d 705
(Tex. App.CCorpus
Christi 1984, no writ).  But I do not read the ordinance’s
strictures as divesting the board of any discretion at all, as the city’s
attorney appeared to advise.  And while I agree
with the Court that “the mere issuance of a building permit does not render a
city’s zoning ordinances unenforceable, nor does the fact that a permit was
issued in error entitle the property owner to a variance in every case,” this
doesn’t answer the question of what evidence the board of adjustment could
consider in deciding the Vaneskos’ variance
request.  All needs for a variance that might arise after an erroneous
permit has been issued are not by definition self-created, personal hardships
for which variances may not be granted.  If that were so, homeowners would
be strictly liable for city errors regardless of the circumstances,
marginalizing the need for boards of adjustment at all and rendering other
parts of the city’s ordinance meaningless.  Because I believe the board of
adjustment may have reached its decision to deny the Vaneskos’
variance request by “fail[ing] . . . to analyze or
apply the law correctly,” Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992), I would
afford the board and the Vaneskos another
chance.  Accordingly, I would affirm the lower courts’ remand to the board
of adjustment for reconsideration, although on different grounds.  Because
the Court does not, I respectfully dissent. 

 

 

 

__________________________________________

Harriet O’Neill

Justice

 

OPINION DELIVERED: April 7, 2006.

 

 

 

 














[1] We received a joint amicus brief from the Home
Builders Association of Greater Dallas, the Greater Fort Worth Builders
Association, and Randall Goss.